SHEPARD BARTHOLOMEW, APPELLANT, *v.* THOMAS SEAMAN, RESPONDENT.

*Promissory note payable with interest — when it is due — when an action against a guarantor of the payment of it is barred by the statute of limitations.*

This action was commenced September 1, 1880, against the defendant, upon a guaranty of the payment of a promissory note dated June 1, 1874, whereby the maker promised to pay to the plaintiff or order $800 "with interest, at seven per cent per annum, from date, which interest is to be paid half yearly."
*Held*, that the note was due and payable as soon as made, without any demand being made, and that the action was barred by the statute of limitations.

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action by the court without a jury.

The action was brought upon the guaranty of the defendant, of the payment of the following note:

"$800. For value received I promise to pay Shepard Bartholomew, or order, the sum of eight hundred dollars, with interest, at seven per cent per annum, from date, which interest is to be paid half yearly. Dated June 1, 1874.

　　　　　"(Signed)　　　HENRY T. SEAMAN."

The following guaranty was indorsed upon the back thereof:

"In consideration of the sum of one dollar, to me duly paid, I hereby guaranty the payment of the within note.

"Dated June 1, 1874.

　　　　　"(Signed)　　　THOMAS SEAMAN."

*J. T. Marean*, for the appellant.

*A. N. Weller*, for the respondent.

DYKMAN, J.:

This action was commenced on the 1st day of September, 1880, on a guaranty of payment of a promissory note, dated June 1, 1874, with interest at seven per cent per annum from date, payable half yearly; no time of payments named. The defense is the statute of limitations, and it was allowed by the trial court.

For the purposes of the statute of limitations a promissory note without day of payment is payable immediately, and the statute commences its run on the day of the date of the paper, whether it is payable with or without interest. This note in suit being therefore payable at once on its execution, an action might have been prosecuted for its collection immediately thereafter, without demand. (*Howland* v. *Edmonds*, 24 N. Y., 307.) Such suit was permissible, not because it was itself a demand, but because the instrument was due and payable.

The current of authority was smooth and uniform in this wise until the case of *Merritt* v. *Todd* (23 N. Y., 28), and thereafter that case was often called on to wrest contract demands from the statute of limitations. That case was inharmonious with other decisions, and created some disturbance, and decisions were made in supposed obedience thereto, but when the case of *Wheeler* v. *Warner* (47 N. Y., 519) went to the Court of Appeals, occasion was taken to explain the extent and meaning of the decision in that case, and to declare the law as it had ever been understood. In the opinion it is said: " There is no divided opinion here or in England that upon such a note, with or without interest, an action may be maintained against the maker without any demand, because it is due."

This note, then, being due immediately on its delivery, the liability of the guarantor became fixed at the same time, and suit might have been then maintained against him thereon. His liability was coextensive with that of the maker and commenced at the same time, and the holder of the paper had the option to sue him alone. (*Tuton* v. *Thayer*, 47 How., 186.) Thus the statue of

limitations commenced to run against the defendant on his contract of guaranty at the date thereof, June 1, 1874, and had run its full course of six years before the commencement of this action. The claim was thus barred by the statute, and the remedy thereon lost.

The judgment must be affirmed, with costs.

Present — GILBERT and DYKMAN, JJ.; BARNARD, P. J., not sitting.

Judgment affirmed, with costs.