ALBANY,
October, 1835.

Steuben Coun-
ty Bank
v.
Stephens.

<sub>•</sub>STEUBEN COUNTY BANK *vs.* NATHAN STEPHENS, JUN.,
ALANSON STEPHENS and BENJAMIN STEPHENS.

Where a plaintiff includes the *maker* and *endorser* of a note in *one action*, and declares pursuant to the statute *on the money counts*, he cannot give the note in evidence under such counts, *unless he proves upon the trial that a copy of the note was served with the declaration.*

It is however too late to make the objection of want of such proof, after evidence of the signatures of the parties, protest, and notice of non-payment.

A plaintiff in such case is not limited in his declaration to the money counts; other counts may be inserted.

THIS was an action of *assumpsit,* tried at the Steuben circuit in November, 1833, before the Hon. ROBERT Mc-NELL, one of the circuit judges.

The declaration contained counts for goods sold and delivered, for work, labor and services, for money lent, paid, and had and received, and on an account stated—and at the foot of the declaration, after the words, " and therefore they bring suit, &c." followed these words : " This suit is brought to recover the amount due on a note, of which the following is a copy, viz. ' Bath, February 20, 1833. Ninety days after date, I promise to pay to the order of Alanson C. Stephens fifteen hundred and thirty-two dollars, at the Steuben County Bank, for value received.' (Signed) ' *Nathan Stephens, jr.*' Upon the back of said note are the following endorsements, viz. ' *Alanson C. Stephens—Benjamin Stephens.*' " The defendants pleaded *non assumpsit.* On the trial of the cause, the plaintiffs produced the note above described, and proved the signatures of the maker and endorsers, demand of payment, protest and notice to the endorsers, and rested. The counsel for the defendants objected that the plaintiffs were not entitled to recover, 1. Because the declaration contained counts other than the *money counts;* and 2. Because the plaintiffs had failed to show that *a copy of the note* had been served upon each of the defendants, together with the declaration. The objections were overruled, and the jury, under the charge of the judge, found a verdict for the plaintiffs for the amount of the note and interest. The defendants move for a new trial.

*W. Woods*, for the defendants.

*S. Stevens*, for the plaintiffs.

*By the Court*, SAVAGE, Ch. J. This case presents two points, *First*. Whether, when the plaintiff intends to recover against the maker and endorser of a promissory note in the same suit, he can insert any count in his declaration except the money counts. *Second*. Whether he must prove upon the trial the service of a copy of the note with the declaration. This suit against the maker and endorsers of a promissory note is authorized by the act of April 25, 1832. *Session Laws of* 1832, *p.* 489. The first section is as follows: "It shall be lawful for the holder of any bill of exchange or promissory note hereafter to be made, instead of bringing separate suits against the drawers, makers, endorsers and acceptors of such bill or note, to include all or any of the said parties to the bill or note in one action, and to proceed to judgment and execution in the same manner as though all the defendants were joint contractors." "The plaintiff in any such action, and in all other actions on bills of exchange or promissory notes, *may declare upon the money counts alone;* and any such bill or note may be given in evidence under the money counts in all cases, *where a copy of the bill or note shall have been served with the declaration."* *Ibid.* § 3. The ninth section provides that the holder of a bill or note may still prosecute upon the note or bill as heretofore; and the tenth provides for the assessment of damages by the clerk, where a copy of the note shall be filed with the declaration on the money counts.

As to the first question, there is nothing in the statute prohibiting the insertion of other counts in the declaration besides the money counts; but in a case like the present, brought by a bank, there seems to be no object in including any other counts, but the accumulation of costs; and therefore all but the money counts should be stricken out upon taxation. It has been decided by the court in an ordinary action between payee and maker, that a count on the note itself was properly joined with the money counts; and I think it was also said, that the statute does not take away any right which parties

previously had ; so that a plaintiff may now declare upon a note and give it in evidence as he might before the statute ; and where that might be done before the statute, no copy need be served. The present, however, is a case in which, without the statute, no recovery could be had. The plaintiffs are bound to bring themselves within the statute, or they must fail. Not having shown a *joint cause of action* against the defendants, the plaintiffs can recover on the money counts alone ; and the note may be given in evidence under the money counts, provided a copy shall have been served with the declaration. This is a case in which the plaintiffs could not give such evidence at common law ; they must therefore avail themselves of the benefits of the statute, by a compliance with its terms. No such evidence was given in this case ; and the only question is, whether the objection of the defendants did not come too late. It was not raised until after the note had been read in evidence without objection, and the plaintiffs had rested their cause. It seems to me the proper time to make the objection, is before the note is received in evidence. The statute declares that such note may be given in evidence under the money counts, where a copy shall have been served ; implying, negatively, that such note shall not be given in evidence, unless a copy shall have been served with the declaration ; but if the defendant makes no objection, the court will not refuse to receive the evidence. The fact that no objection is made, is a tacit admission that the copy had been served according to the statute. At all events, the objection coming after the evidence was received, can only be considered technical, and may be fairly met by a technical answer. If the objection had been made in time, it seems to me to be a good one. It is only upon this condition that the plaintiffs can recover in this form of action. If they do not choose to comply with the condition, they may resort to separate actions as before the statute was passed.

New trial denied.