THE PEOPLE, *ex relatione* The Union Bank, *vs.* THE NEW YORK C. P.

Where, in an action against a bank prosecuted in a court of common pleas, the plaintiff, in setting forth his cause of action in the summons, inserted 27 counts on as many bank bills, besides the usual money counts, and with the declaration served copies of the bank bills, with notice that the same would, be given in evidence under the money counts, and the C. P. in the taxation of the plaintiffs' costs allowed the whole amount of folios in the summons and declaration : this court refused to grant a mandamus, holding the taxation to be matter of discretion, with the exercise of which they would not interfere, but expressing the opinion that if the cause had been pending in this court ; they would have directed all the charges for special counts in the summons and declaration to have been disallowed.

It seems, that it is discretionary with a taxing officer whether a party shall be allowed for more than one count for the same cause of action, or for more than one plea for the same matter of defence ; the statute is not mandatory that two counts or two pleas shall be allowed—they may be allowed, if in the judgment of the taxing officer they were properly inserted ; otherwise not.

TAXATION of costs. This was a motion for a *mandamus* to the judges of the New-York C. P., requiring them to retax the plaintiffs' bill of costs, in an action brought in that court against the relators by James P. Wright. The action was upon 27 notes, commonly called bank bills, issued by the relators, of the denomination of $5 and upwards, amounting in all to $260. The *summons,* besides the usual

money counts and an *insimul computassent*, contained 27 special counts, or one count on each note, and the *folios* amount to 186. The *declaration* was like the summons, except in the commencement and conclusion, and contained 187 folios, and to this was added a copy of the notes on which the action was brought, with notice that they would be given in evidence under the money counts. The amount charged for the summons and copies and the declaration and copies was over $200. On the taxation, the relators objected that the summons and declaration were unnecessarily voluminous. The court nevertheless taxed the bill at $266,32, allowing the whole amount of folios in the summons and declaration; but immediately made an order, with the assent of the attorneys for both parties, staying the plaintiffs' proceedings until the decison of this court should be had on a motion for a mandamus.

*J Edwards*, for the motion.

*P. Cagger & D. Burwell*, contra.

*By the Court*, BRONSON, J. There can be no doubt that a summons containing some eight or ten folios, and a declaration of the same length, would have answered the purpose of enforcing the plaintiffs' demand, equally as well as the voluminous papers which were prepared and used. But that would have made a difference of about 200 dollars in the bill of costs. The notes might have been given in evidence under the money counts in pursuance of the act of 1832, copies of them having been served with the declaration. Statutes, sess. of 1832, p. 489, § 2. But the money counts were all that was necessary, independent of that statute. The notes were made payable to some real or fictitious person, or bearer, and it has long been settled that the holder of such notes may bring *indebitatus assumpsit* against the maker. *Pierce* v. *Crafts*, 12 Johns. R. 90. *Olcott* v. *Rathbone*, 5 Wendell, 490. It can make no difference that a demand at the banking house of the relators was necessary before bringing the action. Statutes, sess. of

1830, p. 265. The common counts would still have answered the plaintiffs' purpose just as well as a special count upon each of the notes. The mode of declaring could make no difference in the evidence necessary to support the action in case of a trial; and had there been a default, the plaintiff could either have executed a writ of inquiry, or his damages might have been assessed by the clerk in pursuance of the 10th section of the act of 1832, copies of the notes having been filed with the declaration. Had the party been under the necessity of relying on one form of declaring alone, the common counts would have been most advantageous, for there would then be no peril of a variance. The special counts inserted in these proceedings were useless for every possible purpose but that of accumulating costs.

The plaintiffs' counsel refer to *Steuben County Bank* v. *Stephens,* 14 Wendell, 243, to prove, what could not very well be denied, that the act of 1832 has not precluded a party suing on a note or bill from inserting other counts, as well as the money counts, in his declaration. But that proves nothing in relation to the present motion. Either with or without the statute, the plaintiff might insert a dozen different counts upon each cause of action ; but the question to be decided is, what allowance ought he to be made on taxation. Is he entitled to two hundred dollars for useless special counts ? I think not. The court of common pleas would have been well warranted in disallowing all beyond the common counts. It is the settled practice of this court to strike out all unnecessary charges for folios on the taxation. *Irwin* v. *Deyo,* 2 Wendell, 285. *Legg* v. *Kinney.* id. 255. *Ingham* v. *Graves,* 6 id. 536. *Cole* v. *Greene,* 12 id. 248. On special motions, when the papers are loaded with unnecessary matter, costs are denied altogether. *Pitcher* v. *Clark,* 2 Wendell, 631. This rule is constantly applied at the special terms.

The legislature has made it the duty of every taxing officer to " strike out all charges for services which, in his judgment, were not necessary to be performed, and for *all folios in pleadings, entries or proceedings, which were unnecessa-*

ALBANY,
May, 1838.

The People
v.
N. York C. P.

*rily inserted."* 2 R. S. 653, § 5. This language is too explicit to be mistaken, and it ought not to be disregarded. It seems to be supposed that the plaintiff is in *all cases* entitled to charge for two counts on each cause of action. I do not so understand the rule. In the *Bank of Niagara* v. *Austin*, 6 Wendell, 548, it is said that the chief justice gave directions to a taxing officer, that a plaintiff was entitled to an allowance for two counts on each cause of action; but under what circumstances that direction was given does not appear. In actions upon special contract, for slander, and the like, where the declaration must necessarily be special, there is an obvious propriety in setting forth the cause of action differently in several counts, for the purpose of avoiding the consequences of a variance between the declaration and the proof on the trial. But it is otherwise, I think, in those actions where the form of the count is such that the plaintiff can be subjected to no such peril. It is neither necessary nor is it matter of prudence to have more than one count upon each cause of action in such cases. If more than one is inserted, it can only be in reference to the question of costs. It is a mistake to suppose that the statute has in all cases allowed two counts for the same cause of action, or two pleas of the same matter of defence. The provision is, that the taxing officer shall strike out charges "for all folios in pleadings, &c. which were *unnecessarily* inserted, *and* he shall strike out the charges for more than two counts for the same cause of action in any declaration, and the charges for more than two pleas of the same matter of defence in any plea." 2 R. S. 653, § 5. As I read the statute, all unnecessary matter, in whatever form it may be inserted, is to be struck out; and although the taxing officer may, in a particular case, think that more than two counts for the same cause of action, or two pleas of the same matter of defence, were properly inserted, yet he shall under no circumstances make a greater allowance on taxation. In other words, two counts or two pleas for the same matter may be allowed, where in the judgment of the officer they were properly inserted; but if only one count or plea was reasonably necessary, no more can be taxed.

It is impossible to suppose that the legislature, at the very moment it was guarding against all unnecessary accumulation of costs, intended to sanction the practice of inserting counts and pleas which are entirely useless, and which are prepared for the sole purpose of swelling the bill of costs.

ALBANY
May, 1838.

The People
v.
N. York C. P.

In England, the practice is to strike out superfluous counts. Mr. Chitty says, if the different counts be so similar that *the same evidence would support each,* the court would on application refer it to the master for examination, and to strike out the redundant counts, and in gross cases direct the costs to be paid by the attorney. 1 Chitty's Pl. 391. Mr. Tidd says, the courts will order superfluous counts to be expunged; and if there be any vexation, will make the plaintiff pay the costs of the application. He adds, where there is only a formal difference between the counts, and *the same evidence will support each,* as if the plaintiff declare *specially and generally, for a matter that may be given in evidence under a general count,* the courts will expunge the superfluous counts. So if the declaration contain special counts for work and labor, besides the general counts, *the special counts* may be struck out on motion, if they appear to be unnecessary. Tidd's Pr. 666, 8, 2d Am. from the 8th Lond. edition. The cases referred to by these authors fully sustain the position which they lay down. In this state it has not been the practice to expunge useless counts in a declaration; but the defendant is protected against unnecessary costs in another form. All charges for redundant matter are struck out on taxation.

It was decided in this court twenty years ago, that in a case like the one at bar, the plaintiff was only entitled to an allowance on taxation for the money counts ; but as the case was not reported, I have thought it proper to examine the question as though it were now presented for the first time.

If this were a motion for retaxation in a case before this court, I should think it a duty to direct all the charges for the special counts in the summons and declaration to be disallowed. But the question, how many folios actually contained in any pleading should be stricken out as unneces-

sary, depends in some degree on the *discretion* of the taxing officer; and I am therefore inclined to the opinion that this is not a proper case for awarding a *mandamus.* Upon this ground, we should have abstained from expressing any opinion on the main question, had it not been apparently desired by the judges of the common pleas, as well as the attorneys for both parties.