### STOWITS *vs.* BANK OF TROY.

In an action against a *bank* for the non-payment of its notes, where the plaintiff demands *ten per cent. interest* by way of penalty, it is not necessary to warrant proof of the presentment of the bills and refusal to pay, that those facts should be *specially averred* in the declaration; the evidence is admissible under the *common money counts.*

A *bill of particulars* in such case, setting forth copies of the notes, although not technically correct, will suffice, inasmuch as it apprises the defendants of the grounds of the plaintiff's claim.

ERROR from the mayor's court of the city of Troy. The plaintiff declared on the common money counts, and in pursuance of an order for that purpose, furnished a *bill of particulars*, in these words : "you will please to take notice that the nine promissory notes, commonly called bank notes, of which the following are copies, constitute the *particulars* of the plaintiff's demand for which the above suit is brought. (The plaintiff then set forth *verbatim et literatim* the copies of *nine bank bills,* issued by the defendants of *five dollars* each, payable to A. B. or bearer, *on demand,* and concluded as follows:) "The plaintiff will also claim to recover *interest* on the promissory notes above set forth, *at and after the rate of ten per cent.* from the eleventh day of August, 1837." The defendants pleaded *non assumpsit.* On the trial of the cause, the plaintiff offered to prove that on the 11th August, 1837, he *presented* nine bank bills, as described in the bill of particulars, to the cashier of the Troy Bank, at their banking house, at 12 o'clock at noon, and *demanded* payment in *specie,* and that payment was refused; and also offered to prove that the said bank bills or notes were issued by the Troy Bank. The counsel for the defendants *objected* to such proof; 1. Because *presentment of the bills and non-payment thereof were not specially*

*averred* in the declaration ; and 2. That under the bill of particulars as presented, the plaintiff was entitled to recover only *the notes* themselves, provided he had suitable counts for that purpose, but could not give them in evidence as proof of the consideration of any cause of action set forth in the counts ; and he could not recover upon the notes for the want of necessary counts. The *recorder* sustained the second objection, and *nonsuited* the plaintiff, who sued out a writ of error.

*J. Koon & M. T. Reynolds*, for the plaintiff.

*D. Buel, jun.* for the defendants. A note payable *on demand*, must be demanded before suit brought. Burr. 1516. The presentment and non-payment could not be proved, not being *specially* averred. 18 Johns. R. 341. Nor could the plaintiff recover on the common counts, not having stated in the particulars of his demand the *consideration* of the notes, &c. Chitty on Bills, p. 592, 3. ed. of 1836.

*By the Court*, NELSON, Ch. J. The first question has, in effect, been heretofore disposed of by the court. The plaintiff is not entitled to charge for special counts in taxation of costs, for the reason that the common counts are all that can be deemed necessary. 19 Wendell, 113. This has been the practice for more than twenty years ; after which we cannot consistently require the insertion of them for the sake of setting forth specially a *demand* and *refusal* at the place of payment. A defendant will not thereby suffer, as the same proof must be given to authorize a recovery, as if the notes had been specially counted upon ; and by calling for particulars of the action, he can always ascertain in due time, that the proof will become material, and be prepared to meet it. The case of *Smith* v. *Smith*, 2 Johns. R. 235, shows that the proof of special matters beyond the mere execution of the notes, preliminarily to the introduction of them under the money counts, affords no solid objection to the practice.

The bill of particulars, I think, sufficiently explicit, as it fully apprised the defendants of the grounds of the plaintiff's

claim; indeed, nothing short of some description of the notes would have complied with the rule of practice. The form is not technically exact, such as simply giving the copies of notes, instead of saying so much money, $50, for instance, due upon them, describing them; but the substance is in the bill, and no one could be misled.

Judgment reversed; *venire de novo* from the mayor's court; costs to abide the event.