### GEORGE W. BISHOP *v.* ELISHA SNIFFEN.

Interest on a promissory note, payable on demand, is allowed from the time
of the demand, and not from the date of the note.

Where it does not appear that at the time of the demand of payment of a lost
promissory note, negotiable in form, the same was not indorsed,—*Held*,
that the demand, unaccompanied by an offer of a bond of indemnity, did not
place the maker in default; and interest ought not to be allowed from the
time of such demand.

That a demand of payment of a lost promissory note will be held sufficient,
without an offer of a bond of indemnity, where it appears either that the note
was not negotiable, or being negotiable, had not, in fact, been indorsed.

APPEAL by the defendant from a judgment of the Sixth Dis-
trict Court.

The action was brought upon a lost promissory note, alleged to have been made in San Francisco, May 19, 1855, payable to plaintiff or order on demand, with interest at ten per cent. per annum.

The justice before whom the cause was tried, rendered judgment for the plaintiff for the principal of the note, and interest from its date at the rate of ten per cent.

The defendant appealed to this Court, on the ground, among others, that judgment was rendered for interest from the date of the note, and anterior to the time of the demand.

*D. F. Walden* (*Tomlinson, Walden & Brigham*), for appellants.

I.   Interest should have been allowed only from the time the suit was commenced.   A note payable on demand carries interest only from the time a demand is made by suit or otherwise.   *Renss. Glass Factory* v. *Reid*, 5 Cow. 587 ; 11 N. Y. 406.

II.   There was no demand before suit brought.   Payment cannot be demanded of a negotiable note without delivering it up.   Story on Notes, §§ 107, 111, 445.

III.   Where a note is lost, demand cannot be made of it without a tender of indemnity at the time of the demand.   See *Smith* v. *Rockwell*, 2 Hill, 482.

*A. H. Hitchcock*, for the respondent, contended that the English rule that interest only runs from demand on a note payable on demand, had never been recognized by the Courts of this State ; and cited *Taylor* v. *Van Loan*, 15 Wend. 308 ; *Reid* v. *Renss. Glass Co.*, 3 Cow. 425 ; *Purdy* v. *Phillips*, 11 N. Y. 406.

BY THE COURT.—BRADY, J.—The question presented in this case, namely, whether in an action on a note payable on demand, interest is to be allowed from the date of the note, or the time of demand, has not been settled by any express adjudication in this state, although a rule which is controlling has been long recognized.

In *Campbell* v. *Mesier* (3 Johns. Ch. Rep. 21), the chancellor said " it is the settled rule in the law of this State, that interest

is to be paid for money received or advanced for the use of another, after a default in payment," and SPENCER, Senator, in *Renssellaer Glass Factory* v. *Reid* (5 Cowen, 611), adopts the rule thus stated, which he says is illustrated by the familiar case of a note payable on demand, where interest is never allowed but from the time of demand, made by suit or otherwise. The same rule is recognized in *Purdy* v. *Phillips*, 1 Kernan, 406; also in Edwards on Bills, 712; and in Smith's Mercantile Law, p. 526. See also, *Stowits* v. *Bank of Troy*, 21 Wend. 186, and *Day* v. *Bett*, 6 Johns. 24.

Interest is given by the courts as pecuniary damages upon a contract to pay money and a failure to pay at the time designated (LORD MANSFIELD, in *Robinson* v. *Bland*, 2 Burr, 1086); and when a sum is payable on demand, the damages do not arise until default is made. Predicating the right of the plaintiff to receive interest on this principal, it is clear that the judgment rendered below is wrong because there is no proof that the note was demanded on the day of its date.

In reference to the demand proved, and the questions arising from the proof of such demand, this case illustrates the troubles which are occasioned by the mode of trying cases in the inferior courts. If the plaintiff had been asked whether at the time the demand was made the note had been endorsed, his answer might have secured to him the benefit of that demand, as to interest, but inasmuch as the case does not disclose the fact whether the note was endorsed or not, the plaintiff was not entitled to interest but from the time of the commencement of this action. If the note had not been negotiable, or being negotiable, had not in fact been negotiated, the plaintiff would be entitled to recover the interest from the time of the demand in 1858 (*Pintard* v. *Tackington*, 10 Johns. 104; *Rowley* v. *Ball*, 3 Cow. 303; *McNair* v. *Gilbert*, 3 Wend. 344; *Blade* v. *Noland*, 12 Wend. 174; *Smith* v. *Rockwell*, 2 Hill, 483); because in that case no indemnity could be demanded or required at the time of the demand, as no right of action would exist against the defendant in the hands of the stranger holding the note. The plaintiff failed, however, to make out a plain case. He did not show that at the time of the demand the note had not been endorsed, nor did he show that the defendant, when the demand was made, placed his refusal upon

some other ground than the nonproduction of the note or a right of indemnity. The note being negotiable and being lost, the defendant was not bound to make payment of it upon a mere naked demand, and therefore made no default in Sept. 1858. *Smith* v. *Rockwell*, *supra*, and cases cited ; *Des Arts* v. *Leggett*, 5 Duer, 156.

For these reasons the judgment should be reduced so that interest is allowed only from the commencement of the action, and should be affirmed for the balance, without costs to either party.