Landon, J.
Tbe referee finds that on the 26th day of December, 1862, the plaintiff loaned the defendant’s firm $1,500, but does not find the terms upon which the loan was made. Referring to the plaintiff’s testimony, we find he says: “When I let Crowe have the money I told him that I had some money with me that I wanted to give him; that they [defendant’s firm] might have it, and use it in their business, till I called for it, or wanted to use it.” Other testimony tends to show that the acceptance of the money by defendant’s firm was at the request of the plaintiff, and for his accommodation. There was no express agreement to pay interest, and, under the circumstances, we think none was implied. Before default in payment, interest does not accrue upon a promise to pay money at some future time, in the absence of a contract to pay it, express or implied. Bander v. Bander, 7 Barb. 560; Railroad Co. v. Town of Moravia, 61 Barb. 180; Glass Co. v. Reid, 5 Cow. 587, 608; Fake v. Addy's Ex'r, 15 Wend. 76. After default in payment, interest is payable as damages. O'Brien v. Young, 95 N. Y. 428; Hamilton v. Van Rensselaer, 43 N. Y. 244. The plaintiff testified that he demanded payment of Mr. Kyne, the partner of Crowe, in the fall of 1865. Kyne, in his testimony, expressly denied that the demand was made. The referee, assuming that interest began on the date of the loan, makes no finding upon the question. Under the circumstances we are not justified in finding that the demand was made. Interest, therefore, did not begin until the action was commenced, namely, December 17, 1868. The referee finds that the defendant is entitled to a credit of $125.47 of date prior to December 26, 1865, but he finds this was not equal to the interest then due. As there was no interest then due, the defendant should have this credit deducted from the principal indebtedness as of that date. We see no reason to question the referee’s findings in respect of the notes, or of the failure of the defendant to establish payment of the plaintiff’s demand. The testimony was conflicting. We may not be sure that the referee’s findings of fact are right, but we cannot see that they are wrong, and hence must accept them as they are.
The defendant complains because the referee did not expressly find upon the counter-claims and defenses of payment set up in the answer. It is apparent from the findings that they were disallowed. If the defendant had desired express findings he should have submitted requests for the. purpose. Code Civil Proc. § 1023.
We do not think any of the exceptions to the rulings of the referee require a reversal of the judgment. Mr. Kyne, who was originally a party defendant, is now dead. If a new trial should be ordered because of the uncertainty respecting the demand of payment, it probably would have to rest, in this respect, upon the testimony now in the case. The action has been pending 20 years, and ought to be ended. We therefore think it inexpedient to order a new trial. We have power to modify the judgment. Code Civil Proc. 1317. Where the exact amount of the proper modification appears from the application of the law to the facts, we do not conceive that we are usurping the functions of the trial court if we make the modification ourselves, instead of sending the case back for a new trial. We reduce the principal sum to $1,674.53, with interest from December 17,1868, and affirm it as thus modified, without costs in this court.
Learned, P. J., concurs.