BUDWEISER BREWING CO., Limited, v. CAPPARELLI et al.

(City Court of New York, General Term. April 27, 1896.)

1. NEGOTIABLE INSTRUMENTS—FAILURE TO MAKE DEMAND—EFFECT ON MAKER'S LIABILITY.

Failure to make presentation and demand on a promissory note does not relieve the maker of his liability, except for damages, in case he was ready at the time and place appointed to pay it, and there was no one to receive the money.

2. SAME—TENDER IN COURT.

In an action on a promissory note, a plea of no demand will not relieve the maker of any liability for interest and costs, unless the money to pay the note was brought into court.

3. CHATTEL MORTGAGE—FORECLOSURE—DEMAND NOT NECESSARY.

Where a chattel mortgage given to secure a note provides that on default of payment mortgagee may sell the property without notice, it is not necessary to make a demand for satisfaction before proceeding to foreclose.

Appeal from trial term.

Action on promissory note, brought by the Budweiser Brewing Company, Limited, against Jiorine Capparelli and others. There was judgment in favor of plaintiff, and defendants appealed. Affirmed.

Argued before VAN WYCK, C. J., and McCARTHY, J.

Jay C. Guggenheimer, for appellants.
Langbien Bros. & Langbien, for respondent.

McCARTHY, J. This is an appeal from a judgment entered December, 19, 1895, on verdict of jury by direction of the court for $2,148.23, damages and costs, and from an order dated same day, denying a motion for a new trial. The complaint is on a promissory note made by the defendants for the sum of $2,000, upon which they had paid the sum of $100. The answer admitted the making of the note and the payment on account. It denied that payment of the note had ever been demanded. As a separate defense it alleged that defendants borrowed $2,000 from the plaintiff, for which sum the note was given, and that as collateral security therefor they gave plaintiff a chattel mortgage on certain chattels and fixtures. The answer then alleged fraud in the foreclosure of said mortgage by the plaintiff. On the trial the defendants offered the mortgage in evidence. Plaintiff put the note in evidence, which was received without objection, and, when the plaintiff rested, no motion was made to dismiss. No demand for the payment of the note in question was necessary to fix the liability of the maker. The effect of an omission or failure to make such presentation was not to exonerate the maker from his promise to pay what he agreed, but only to relieve him from damages in case he was ready at the time and place appointed to pay it, and that there was no one there to receive the money. Such readiness is considered equivalent to a tender of the sum payable, and an answer pleading that fact, and a payment of the money due into court, would be a bar to a recovery of the interest and costs,

but not to the cause of action. Hills v. Place, 48 N. Y. 520–523; Davies v. Concert Co., 41 Hun, 496. The defendants do not plead, claim, or offer to prove these facts. But, assuming that the defendants had the money ready at the place and time designated, this would not relieve them, since they have not shown that the money was ever brought into court. Nor was it necessary to make a demand before foreclosing the chattel mortgage, since the conditions of the chattel mortgage are absolute. It provides that upon the payment of .a certain promissory note bearing even date with the said mortgage, made by the defendants to the order of the plaintiff for $2,000, with interest, and for the further securing the payment of the note, the mortgage is given. If the same is paid, then the mortgage shall be null and void, otherwise to remain in full force and effect. It also provides that, in case default be made in the payment of the said sum above mentioned, or any part thereof, it shall and may be lawful for the plaintiff, and the defendants authorize the plaintiff, to sell and dispose of the property described in said mortgage for the best price it can obtain without notice. "If from any cause said property should fail to satisfy said debt, interest, and costs and charges, the said defendants agree to pay the deficiency. It is further covenanted that judgment may be forthwith entered against defendants for said deficiency without further notice, and they "do hereby stipulate to be bound by the result of such sales as shall be made in accordance herewith." The only defense then left was one of fraud in the sale of the mortgaged property, but the defendants failed to show any fraud. Their offer to prove failure of demand for satisfaction of chattel mortgage or notice of foreclosure of same did not embrace this defense, and the trial justice therefore was correct in his rulings.

Judgment is therefore affirmed, with costs.