and received 50 cents fare from him; and that from that time until 5:30 o'clock he again continued to drive slowly and continuously up and down Broadway, looking on either side as he drove. The place where he drove was in the heart of the village, passing in front of the leading hotels. The act of soliciting patronage may be evidenced quite as well by conduct as by word of mouth. The mere fact that he was driving during so long a period upon a busy thoroughfare, looking along as he went, to the sidewalks and the hotels, with his licensed surrey, and taking up a passenger whom he found upon the street, was quite sufficient evidence to justify the conclusion on the part of the president of the commission that he was engaged in soliciting patronage in violation of the statute and of his license. We think, therefore, we should not disturb the conclusion of the president of the commission as being against the evidence or the weight of evidence.

The determination should be confirmed, without costs. All concur.

---

(90 App. Div. 564.)

## In re SPEAR'S WILL.

(Supreme Court, Appellate Division, Third Department.   January 6, 1904.)

1. WILL—PROVISION IN LIEU OF DOWER—CONSTRUCTION.

In a will which disposes of the whole of the testator's estate, a bequest of a sum to his wife, to be accepted "in lieu of dower and of all rights statutory and otherwise," does not give her by implication, in case she rejects the provision of the will, the right to a legacy equal to her distributive share of his personalty if he had died intestate, in addition to dower.

2. SAME—DEBTS TO WIFE.

Where a testator by his will provides that after his debts are paid he gives his wife a sum in lieu of dower and other rights, statutory and otherwise, if she accepts the provision, she is entitled to the payment of any debt due her in addition to the legacy.

Appeal from Surrogate's Court, Washington County.

Proceedings in the matter of proving the last will and testament of John Spear, deceased. From so much of a decree as construes a provision of the will made for her benefit, Sarah Spear appeals. Modified and affirmed.

The will in question contained the following provision: "First. After all my lawful debts are paid and discharged I give, devise and bequeath to my wife Sarah Spear, the sum of six hundred dollars ($600) this sum is given to and to be accepted and received by her, in lieu of dower and of all rights statutory and otherwise on her part against my estate." The will, after giving several bequests of small amounts to children and grandchildren, contains the following residuary clause: "Sixth. All the rest, residue and remainder of my estate, both real and personal, I give, devise and bequeath to my three sons, William Spear, Samuel Spear and George Spear, to be divided between them share and share alike." It then contains a clause directing the executors to sell all the testator's real estate and personal property, and "with the proceeds thereof to pay my debts and funeral expenses and all the above legacies."

The surrogate decided that the true construction and legal effect of the first paragraph of the will was that "in case the said widow accepts said bequest of $600 she thereby cuts off her right of dower, her statutory rights under section 2713 of the Code of Civil Procedure, and any debt that may exist in her favor against the estate; and that, in the event of her failure or refusal to

accept said bequest, she will then be entitled to dower, her statutory rights under section 2713 of the Code of Civil Procedure, and the payment of any debt due her against the estate of said testator." From so much of the decree as contains such construction, the widow appeals.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

McArthur & Starbuck, for appellant.

James C. Rogers, for respondents.

CHESTER, J. The appellant urges that the language' of this will is effective to give the widow an implied alternative legacy in addition to the ordinary provision in lieu of dower, which entitles her, in case she rejects the provision for her benefit in the will, to the same distributive share in his personal estate as if he had died intestate. The language in giving the legacy is that it is "to be accepted and received by her, in lieu of dower and of all rights statutory and otherwise on her part against my estate." She relies in support of her contention upon Matter of Vowers, 113 N. Y. 569, 21 N. E. 690. That was a case where a legacy by implication was upheld. In the will under consideration there, the provision for the benefit of the testator's wife was followed by this clause: "This provision to be accepted by my wife in lieu of her dower right and distributive share in my estate. She to make her election whether she accepts this provision of my will within sixty days of proving the same." The will there contained a clause giving all the residue of the testator's property to his nephew. The widow rejected the provision within the time stated in the will, and thereupon claimed that she was entitled not only to her dower, but to a bequest by implication of a sum equivalent to what would have been her distributive share had the testator died without a will, and the Court of Appeals so held, overruling the construction given to the will by the General Term and the surrogate. That holding was based upon the conclusion that the words of the testator left "no doubt about his intention, and can have no other reasonable interpretation," and that a contrary construction required "that the words relating to a distributive share shall have no meaning, and can have none, and must be utterly expunged from the will." It was said by Judge Finch, who wrote the opinion, that "the question of construction raised by the language of the testator in framing the provision for his wife is of a character so unusual that we can find no precise parallel or precedent in the courts of our own state." With that statement in the opinion the case should not be deemed an authority for extending the doctrine there laid down beyond the precise case there decided.

The real question to be determined is, what was the intention of the testator? and that must be found from the will itself and the surrounding circumstances. Here there was no provision that the bequest to the testator's wife was in lieu of a distributive share of his estate, and requiring her to make an election, but instead the bequest to her was "in lieu of dower, and of all rights, statutory and otherwise, on her part" against the testator's estate. There was, of course, no intestacy, and in such a case the widow had no statutory or any other right to a distributive share of the testator's personal estate. The

words employed must be construed in the light of the facts as they exist. Where a will is made effectually disposing of the testator's personal estate, there is no right under the law, statutory or otherwise, in the widow to have a share of such personal estate under the statute of distributions. The testator does not say the bequest is in lieu of "all rights," as in case of intestacy, and there is nothing, as there was in the Vowers Case, upon which to uphold a legacy by implication.

While we have reached the conclusion on this branch of the case that the decision of the surrogate should be affirmed, we think the decree should not have provided that the acceptance of the bequest would cut off any existing debt in favor of the widow against the estate. It is true that it does not appear in the record that there is any such debt. Nor does it appear that there is not. It may be purely an academic question in the case, but, if so, it should not have been adjudicated upon by the surrogate. The bequest to the widow follows the language, "after all my lawful debts are paid and discharged I give," etc., and in the seventh clause the executors are required with the proceeds of the sale of the testator's property to pay his debts. No exception is made with reference to a debt to his wife, and the intent is clear that a construction which would prevent the collection of a debt in her favor, if she has one, is unwarranted by the language employed in the will.

The decree should be modified by striking out the provision respecting a debt in favor of the wife, and as so modified affirmed, without costs. All concur.