(65 Misc. Rep. 48.)

### VAN VLIET v. KANTER.

(Supreme Court, Appellate Term. November 12, 1909.)

1. BILLS AND NOTES (§ 445*)—TIME OF MATURITY—NOTE PAYABLE ON DEMAND.
　　Where a note is payable on demand, a demand is presumed to have been made on delivery of the note, and the right of action thereon is at once complete.
　　[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 1313; Dec. Dig. § 445.*]

2. BILLS AND NOTES (§ 129*)—TIME OF MATURITY—NOTE PAYABLE "ON DEMAND."
　　In a note payable "on demand," the word "demand" is not a part of the contract, but is used to show that the debt is due.
　　[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 285; Dec. Dig. § 129.*
　　For other definitions, see Words and Phrases, vol. 6, p. 4970.]

3. INTEREST (§ 46*)—WHEN RECOVERABLE—MONEY PAYABLE ON DEMAND.
　　Money payable on demand does not draw interest until after demand.
　　[Ed. Note.—For other cases, see Interest, Cent. Dig. §§ 95–105; Dec. Dig. § 46.*]

4. BILLS AND NOTES (§ 125*)—INTEREST—MONEY PAYABLE ON DEMAND.
　　As a note payable on demand is due on delivery thereof, interest begins to run on such delivery, as damages for the nonpayment of the money due.
　　[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 274–281; Dec. Dig. § 125.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Frederick Van Vliet, executor under the will of George Van Vliet, deceased, against Frederick Kanter. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Charles H. Stoddard, for appellant.

Francis M. Applegate, for respondent.

GILDERSLEEVE, P. J. On March 14, 1898, defendant made and delivered to plaintiff's testator, for value, the following note:

"$150.00.　　　　　　　　　　　　New York, March 14, 1898.
　"On demand, after date, I promise to pay to the order of George Van Vliet one hundred and fifty dollars, at my store, 852 B'way.
　"Value received.　　　　　　　　　　　　Fred'k Kanter."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It is conceded that payment was demanded formally on July 2, 1908, and that payments aggregating $82.50 had been received and applied upon the principal of the note prior to such formal demand, and defendant's liability on the note is not disputed. A counterclaim on the part of defendant, however, amounting to $63.50, with interest from November 1, 1908, is also conceded. The only point in issue is whether interest should be allowed on the note from its date and delivery, March 14, 1898, or from the date of the actual formal demand, July 2, 1908. The court below allowed interest from the date and delivery of the note.

As we have seen, the note is payable on demand, and the demand is presumed to have been made at the time of the delivery of a demand note, at which time the note became payable and the right of action complete. Church v. Stevens, 56 Misc. Rep. 572, 107 N. Y. Supp. 310, and cases cited. In the case of a demand note, the word "demand" is not to be treated as a part of the contract, but is used to show the debt is due (McMullen v. Rafferty, 89 N. Y. 547); and, as stated in Ledyard v. Bull, 119 N. Y. 63, 23 N. E. 444, "money payable on demand does not draw interest until after demand." As interest is not payable by the terms of the contract, it is recoverable on the theory of damages for the detention of the principal, and from such time as defendant was placed in default (1 Suth. Dam. 619, 620; In re Trustees, 137 N. Y. 95, 32 N. E. 1054); and, as a promissory note payable on demand is due forthwith upon delivery of the note (Hyman v. Doyle, 53 Misc. Rep. 597, 103 N. Y. Supp. 778), interest became payable on such delivery as damages for the nonpayment of the money due (Ledyard v. Bull, 119 N. Y. 74, 23 N. E. 444).

The result reached by the court below was correct, and the judgment must be affirmed, with costs.

Judgment affirmed, with costs. All concur.