(139 App. Div. 603.)

VAN VLIET v. KANTER.

(Supreme Court, Appellate Division, First Department. July 7, 1910.)

BILLS AND NOTES (§ 125*)—INTEREST—DEMAND NOTE.

A note payable on demand after date at a particular place, but making no provision for interest, though deemed due, for purposes of the statute of limitations, on the day after its date, does not draw interest before demand or commencement of action.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 276, 277; Dec. Dig. § 125.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Appellate Term.

Action by Frederick Van Vliet, executor, against Frederick Kanter. From the determination of the Appellate Term (65 Misc. Rep. 48, 119 N. Y. Supp. 187), affirming a judgment of the Municipal Court for plaintiff, defendant appeals. Determination reversed. Judgment modified and affirmed.

See, also, 136 App. Div. 933, 120 N. Y. Supp. 1149.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Charles H. Stoddard, for appellant.

Francis M. Applegate, for respondent.

LAUGHLIN, J. The single question presented by this appeal is whether a note without interest, payable on demand after date at a particular place, draws interest before demand, or before the commencement of the action, which would be equivalent to a demand. The note on which the action is founded is as follows:

"$150.00                                        New York, March 14, 1898.

"On demand after date I promise to pay to the order of George Van Vliet, one hundred and fifty $^{00}/_{100}$ dollars, at my store 852 B'way. Value received.
                                                            "Fred'k. Kanter."

There is no evidence that payment of the note was demanded until the 2d day of July, 1908, prior to the commencement of the action. The plaintiff was allowed to recover interest at the legal rate from the date of the note, and that view of the law has been affirmed by the Appellate Term. The negotiable instruments law regulates the computation of interest where there is an agreement to pay interest, but not in a case like the one at bar. Neg. Inst. Law (Consol. Laws, c. 38), § 36, subd. 2.

It is well settled that a note payable on demand and a note payable on demand after date are, for the purpose of the running of the statute of limitations, deemed due and payable, respectively, on the day of the date of the note and on the day following, without any demand. Hardon v. Dixon, 77 App. Div. 241, 78 N. Y. Supp. 1061; McMullen v. Rafferty, 89 N. Y. 456; Crim et al. v. Starkweather, 88 N. Y. 339, 42 Am. Rep. 250; Negotiable Instruments Law, § 146. That rule, however, is not decisive of the question now presented for decision. Here is a note evidencing a contract in which the parties saw fit to make no provision for interest, and it therefore draws no interest until a demand is duly made, which puts the maker in default. Sanford v. Crocheron, 8 Civ. Proc. R. 146. See, also, Ledyard v. Bull et al., 119 N. Y. 62, 23 N. E. 444; Lawrence et al. v. Church, 128 N. Y. 324, 332, 28 N. E. 499; Herrick v. Woolverton, 41 N. Y. 581, 596, 1 Am. Rep. 461; Crim et al. v. Starkweather, supra; Bishop v. Sniffen, 1 Daly, 155 (where the note drew interest and the rule may be different). There are exceptions to this rule where the obligation is a bond, or the nature of the obligation and the attendant circumstances show that the payment of interest was contemplated by the parties. Chester v. Jumel et al., 125 N. Y. 237, 26 N. E. 297; Purdy v. Philips, 11 N. Y. 406.

The note did not mature on the day of its date, for it was .not payable on that day. It was payable on demand after date. A legal demand could not have been made on the day of the date of the note, to put the maker in default, for by the express terms of the note the obligation to pay did not accrue until the next day. Interest therefore could not run in any event until the day after the date of the note; but it would not commence then without a demand, for in such case interest is recoverable only by way of damages after the maker is in default on failure to pay on demand. Hanley v. Crowe, 50 Hun, 605, 3 N. Y. Supp. 154; Rensselaer Glass Factory v. Reid, 5 Cow. 587, 611; 16 Am. & Eng. Ency. of Law (2d Ed.) p. 1020, and note 3, p. 1021; 22 Cyc. 1547. The general rule in other jurisdictions applicable to such a note is that it does not draw interest until a demand, or until the commencement of the action, which is deemed a demand. Randolph on Commercial Paper (2d Ed.) § 1710; 2 Parsons, Notes and Bills, p. 393; Adams v. Adams, 55 N. J. Eq. 42, 35 Atl. 827; Burnham v. Allen, 1 Gray (Mass.) 496; Am. & Eng. Ency. of Law, supra; Cyc. supra.

It may be observed, although, of course, it is not a controlling consideration, that, by virtue of section 130 of the negotiable instruments law, presentment is not necessary to hold the maker, but that if a note be payable at a particular place, as this was, evidence that the maker had funds there with which he was ready, able and willing to meet it at maturity is equivalent to a tender of payment, and if that fact be set up by answer, and the money be paid into court, the interest in the meantime cannot be recovered on the note. See, to the same effect, Hills v. Place, 48 N. Y. 520, 8 Am. Rep. 568, and Budweiser Brewing Co. v. Capparelli, 16 Misc. Rep. 502, 38 N. Y. Supp. 972.

It is important that the law with respect to negotiable instruments should be uniform throughout the country, and, if possible, throughout the business world. Any doubt therefore, that has arisen on this question, based on dicta in opinions written long ago (see Gaylord v. Van Loan, 15 Wend. 308; Purdy v. Philips, supra), should be removed by a definite ruling that such a note does not draw interest until demand or the equivalent thereof.

It follows, therefore, that the determination of the Appellate Term should be reversed, with costs in this court and in the Appellate Term, and the judgment of the Municipal Court modified, by deducting interest from the date of the note to the date of the demand, and, as thus modified, affirmed. All concur.