(85 Misc. Rep. 630)

### In re COLE'S ESTATE.

(Surrogate's Court, Niagara County. May, 1914.)

1. EXECUTORS AND ADMINISTRATORS (§ 236*)—PAYMENT OF DEBTS—VALIDITY OF LEGACY.

In a proceeding by an executor to pay debts and funeral expenses, the validity of a legacy cannot be considered.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 841, 842½; Dec. Dig. § 236.*]

2. WILLS (§ 714*)—BEQUESTS TO CREDITORS—PAYMENT—PRESUMPTIONS.

Where a will directs the payment of debts, a legacy to a creditor equal to his claim is not presumed to be a payment thereof.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1698–1703; Dec. Dig. § 714.*]

3. WILLS (§ 714*)—BEQUESTS TO CREDITORS—PAYMENT.

Where decedent admitted two months before her death that a certain portion of the price of real estate conveyed to her by her husband was never paid, and that she was indebted to him in said sum, he is entitled to recover the same from her estate, though a legacy under the will was for the precise amount due for real estate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1698–1703; Dec. Dig. § 714.*]

4. INTEREST (§ 1*)—WHEN PAYABLE.

Interest is only allowed where there is a contract, express or implied, to pay it or as damages for nonpayment of money due.

[Ed. Note.—For other cases, see Interest, Cent. Dig. § 1; Dec. Dig. § 1.*]

In the matter of the estate of Nettie B. Cole, deceased. Proceedings for the payment of debts and funeral expenses. Decree entered.

Edward G. Parker, of Lockport, for Stacy N. Cole, petitioner.

Burt G. Stockwell, of Lockport, for Stacy N. Cole, individually.

Bradley & Merritt, of Lockport, for Ladies' Aid Society of Royalton Baptist Church.

John Pierce Langs, of Niagara Falls, guardian ad litem.

FISH, S. This is a proceeding pursuant to title 5 of chapter 18 of the Code of Civil Procedure, brought by Stacy N. Cole, one of the executors of the last will and testament of Nettie B. Cole, deceased, for the payment of debts and funeral expenses.

The decedent died on the 27th day of January, 1911, leaving a last will and testament which was admitted to probate on the 14th day of February, 1911, in which Elizabeth McCloy and the petitioner, Stacy N. Cole, were named as executrix and executor, respectively, and to whom letters testamentary were issued on the date last named.

[1] The petitioner also set forth in his petition, among the debts and liabilities against the decedent, a legacy to the Ladies' Aid Society of Royalton Baptist Church, and the invalidity of this legacy is asserted by the special guardian. But, as this proceeding can only be brought for the payment of debts and funeral expenses or judgment liens existing at the time of testator's death, the same is improperly

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

inserted in the petition, and the validity thereof will not be considered at this time, but can be disposed of in case there is a surplus over and above the debts and liabilities.

The principal question in dispute has arisen over the claim of the petitioner, Stacy N. Cole, amounting to the sum of $550, with interest. The said Stacy N. Cole, by warranty deed dated January 25, 1907, conveyed to the decedent certain real property for a consideration expressed in the deed of $3,950, and in and by the deed two mortgages on the real property conveyed, aggregating $2,600, were assumed, leaving a balance of $1,350. It is admitted that $800 of this was paid; but petitioner claims that $550 thereof never has been paid, and his claim is for this amount. It is recited in the deed that the consideration of $3,950 was "paid by the said party of the second part," but this is recited in the printed form of the deed, and six witnesses have testified to admissions on the part of the testatrix which would show that this $550 was never paid by her. Two of these witnesses have testified to admissions made by the testatrix a month or six weeks before her death, to the effect that she was indebted unto the petitioner in said sum of $550. While it is true that claims against an estate which he represents, by an executor, are to be established by very satisfactory evidence (Matter of Marcellus, 165 N. Y. 76, 58 N. E. 796), and verbal admissions ought to be received with great caution, owing to the fact that the party making the admission may not have clearly expressed his own meaning, or that the witness may have misunderstood him, or by unintentionally altering a few of the expressions really used may have given an effect to the admission entirely different from what the party actually did say, still this merely affects the weight of the evidence, and an admission deliberately made and precisely identified may be the most satisfactory evidence. 1 Greenl. Ev. §§ 200, 201. In relation to this claim there is the written evidence of the deed, together with admissions made to six different witnesses, and the claimant has established to my satisfaction the validity of his claim.

In and by the second paragraph of the will of the decedent she gives to the claimant the sum of $550. This paragraph reads as follows:

"I give and bequeath to my husband Stacy N. Cole, the sum of five hundred and fifty ($550.00) dollars, the same to be paid to him from and out of the sale of my property situate. on Twentieth (20th) street, in the city of Niagara Falls, N. Y., the said five hundred and fifty ($550) dollars to be accepted by my said husband in lieu of any dower or exemptions that he might be entitled in and to my personal property or household goods."

[2, 3] It is claimed by contestant that this legacy was intended to be and was in satisfaction of the claim in question. Whether a legacy is given in satisfaction of a debt depends upon the intention of the testator, and the rule of law on this subject was laid in Williams v. Crary, 5 Cow. 368, as follows:

"It is a general rule that a legacy given by a debtor to his creditor, which is equal to, or greater than the debt, shall be considered as a satisfaction of it, yet where there are any circumstances in the case to repel the presumption that such was the intention of the testator, courts have always eagerly seized upon them to prevent the application of the rule."

It is expressly stated here that this legacy of $550 should be in lieu of any dower or exemptions that the claimant might be entitled to in the personal property or household goods of the testator. And while it is not clear just what is meant by the word "dower," the claimant as surviving husband would be entitled to certain exemptions in and to the personal property and household goods of the testator, and I think this repels any intention that the $550 was to be in satisfaction of this claim, and indicates that this legacy was for what the testator says it was for, to wit, in lieu of exemptions, and that it was not in payment of the debt in question. Phillips v. McCombs, 53 N. Y. 494; Reynolds v. Robinson, 82 N. Y. 103, 37 Am. Rep. 555; Matter of Arnton, 106 App. Div. 326, 94 N. Y. Supp. 471; Adams v. Olin, 61 Hun, 318, 16 N. Y. Supp. 132; Boughton v. Flint, 74 N. Y. 476; 1 Pom. Eq. Juris. (2d Ed.) 533.

The first clause of decedent's will provided, "I direct that all my just debts and funeral expenses be paid," and in Matter of Arnton, supra, it was held that the rule that a legacy equal in amount to a claim should be presumed to be in payment of a claim was not allowed to prevail "where there is an express direction in the will for the payment of debts."

The burden did not rest upon the claimant to prove the nonpayment of his claim. Lerche v. Brasher, 104 N. Y. 157, 10 N. E. 58; Conkling v. Weatherwax, 181 N. Y. 258, 73 N. E. 1028, 2 Ann. Cas. 740; Bremer v. Ring, 146 App. Div. 724, 131 N. Y. Supp. 487; Posner v. Rosenberg, 149 App. Div. 277, 133 N. Y. Supp. 704.

It is not important, however, in this case, where the burden of proof as to nonpayment rests, because two witnesses have testified to admissions on the part of the testator a month or six weeks before her death that she owed the debt in question.

[4] The petitioner claims to be entitled to interest on his claim from the 2d day of February, 1907, the date of the recording of the deed aforesaid from him to the testator. I do not think he is entitled to this interest. Interest is only allowed where there is a contract, express or implied, to pay interest or as damages for the nonpayment of money due. There is no express contract for interest here, nor is there anything in the evidence from which an implied contract could be inferred. And interest could not be recovered as damages for nonpayment of money due or for breach of contract, because I do not find that this sum of $550 was due, or that the testator should have paid same at any particular time. It appears from the evidence that she was clearly holding it with the consent of the claimant; and, in order to start interest running, a demand on his part for its payment was necessary. Ledyard v. Bull, 119 N. Y. 74, 23 N. E. 444; Hanley v. Crowe, 50 Hun, 605, 3 N. Y. Supp. 155; Lawrence v. Church, 128 N. Y. 324, 28 N. E. 499; Matter of Trustees of New York & Brooklyn Bridge, 137 N. Y. 95, 32 N. E. 1054; Adams v. Fort Plain Bank, 36 N. Y. 261; White v. Miller, 78 N. Y. 399, 34 Am. Rep. 544; Cutter v. Mayor, 92 N. Y. 166.

This case is much like that of a promissory note, payable on demand, upon which interest does not begin to run until after demand for pay-

ment or action brought. Van Vliet v. Kanter, 139 App. Div. 603, 124 N. Y. Supp. 63.

The death of the testator rendered a demand for the payment of this debt impossible for a time at least, and placed interest-bearing and noninterest-bearing debts upon the same basis, as her affairs should be adjusted as they stood at the time of her death, and I find that the claimant is entitled to interest on his claim from the 27th day of January, 1911, the date of the death of the testator. People v. Merchants' Trust Co., 116 App. Div. 41, 101 N. Y. Supp. 255.

The claim of the petitioner, Stacy N. Cole, is allowed at the sum of $550, with interest thereon from the 27th day of January, 1911, with $70 costs and disbursements.

It has been established to my satisfaction that the personal estate of the decedent is insufficient for the payment of her debts and funeral expenses, and a decree is granted, empowering the petitioner to sell the real property, for which a sale is asked in the petition for the payment thereof.

There have been a number of hearings and a large amount of testimony has been taken both in relation to the claim aforesaid and as to other matters in the petition, and an accounting was had which is of some length and which was examined by the special guardian and testimony taken thereon. The special guardian is allowed for his costs and disbursements in this proceeding the sum of $120.

Decreed accordingly.