In the Matter of the Construction of the Will of TOBIAS T. PERGAMENT, Deceased.

Surrogate's Court, New York County, May 22, 1953.

*Sol Dubow* for Elsie M. Pergament, petitioner.

*Daniel G. Tenney, Jr.,* and *John J. Duffy* for Chase National Bank of the City of New York and another, as executors of Tobias T. Pergament, deceased, respondents.

*Matthew H. Brandenburg,* special guardian for Penny A. Pergament and others, infants, respondents.

FRANKENTHALER, S. The widow has applied for a construction of articles fourth and sixth of decedent's will, and their effect, if any, on the antenuptial agreement entered into between decedent and the widow on March 14, 1950.

Article fourth of the will provides as follows: " FOURTH: I give, devise and bequeath to my beloved wife, ELSIE MARIE PERGAMENT, in lieu of all statutory rights that she may have in my estate, the sum of Five Thousand ($5,000.) Dollars in cash. If my beloved wife has predeceased me this bequest shall lapse."

Paragraph 1 of the antenuptial agreement provided that if the wife survived decedent she " shall receive from the estate * * * and the heirs, executors, administrators or legal representatives * * * shall pay to her — the sum of Five Thousand ($5,000.) Dollars in cash, in full satisfaction, pay-

ment and discharge of any and all claims '' that the wife may have to dower or homestead rights, '' as well as in full satisfaction, payment and discharge of any and all other claims '' that the wife may have '' as his widow or heir-at-law to an allowance, or widow's award, or to any part of his real and/or personal estate.'' By paragraph 2 the wife agreed that if she should survive the decedent '' she will make no claim to any part or share of the real and/or personal estate '' of decedent '' except for the said sum of Five Thousand ($5,000.) hereinbefore stipulated to be paid to her out of such estate.'' Paragraph 7 of the antenuptial agreement provided that '' nothing herein contained shall * * * bar or affect the right of the [wife] to claim and receive any property of any nature * * * [that decedent] by Last Will and Testament * * * may give, devise or bequeath [to the wife] in addition to the provision herein made for the purposes hereinabove expressed.''

The executors have paid the widow $5,000 pursuant to article fourth of the will without prejudice to her asserted right to enforce payment of the antenuptial obligation. The widow contends that the bequest contained in article fourth is a separate and independent bequest and does not discharge the estate's obligation to pay her an additional $5,000 pursuant to paragraphs 1 and 7 of the antenuptial agreement. She contends that by virtue of paragraph 7 she is entitled to an additional $5,000 and that as a matter of law a bequest to a creditor, even in an amount equal to the debt due him, is not regarded as payment of the debt but as a legacy payable in addition to the amount of the debt (see *Matter of Cole,* 85 Misc. 630; *Matter of Arnton,* 106 App. Div. 326; *Matter of Spear,* 90 App. Div. 564).

At the hearing held in this proceeding, both petitioner and respondents objected to introduction of extrinsic evidence bearing on the will and the antenuptial agreement. The use of extrinsic evidence in aid of a search for an intent that a legacy shall be in satisfaction of or in addition to a debt is a question upon which there has been divergence of authority and little attempt to reconcile decisions. (See 4 Page on Wills, § 1576; 2 Davids on New York Law of Wills, § 795; and *Matter of Runyon,* 201 Misc. 464, 470.) The court holds that the evidence will be received and considered to the extent that it discloses circumstances surrounding the preparation of the will and the relationship between the will and the antenuptial agreement, but not to the extent that such evidence purports to represent

direct statements of intention by the testator as to the matters here in issue (*Matter of Runyon, supra*).

The total estate exceeds $1,000,000 and testator has provided generously for his widow in addition to the bequest in article fourth. He bequeathed to her certain realty located in Connecticut (article fifth), all personal and household effects, automobiles and other tangible personal property (article sixth), and named her income beneficiary of a trust whose corpus is to be composed of all securities held in certain banks, granting her in addition thereto a limited power of invasion (article seventh). The antenuptial agreement limited petitioner's participation in the estate to $5,000 and it can hardly be said that in light of the substantial gifts mentioned above testator intended the article fourth bequest to be in addition to the amount provided in the agreement. As petitioner had waived her rights in the estate by virtue of the antenuptial agreement and as $5,000 could hardly be deemed satisfactory substitute for her statutory rights in so large an estate, the provision in article fourth that the bequest is "in lieu of all statutory rights" is meaningless without reference to the antenuptial agreement. Moreover, the proof indicates that at the time of the preparation of the will, which was largely drawn by testator himself, he had in mind the provisions of the agreement. In these circumstances the court holds that the bequest contained in article fourth was intended as satisfaction of decedent's obligation under the agreement (see *Matter of Baker*, 89 N. Y. S. 2d 56, and *Matter of Herb*, 163 Misc. 441).

Scrutiny of the terms of the agreement in no way aids petitioner. In providing that the wife "shall receive from the estate * * * and the heirs, executors * * * shall pay to her — the sum of Five Thousand ($5,000.) Dollars", paragraph 1 merely directs the executors to do precisely what they have already done. Paragraph 2 requires them to do no more. Paragraph 7 merely spells out the present understanding of the parties that the antenuptial agreement does not bar the widow from receiving benefits under the will "in addition to the provision" (of article fourth) in fulfillment of the obligation imposed by paragraphs 1 and 2. As testator has made provision in his will in satisfaction of his *inter vivos* promise there appears no basis upon which the present application may be granted.

With respect to the second issue raised herein, petitioner urges that cash amounting to $28,600 found in the testator's safe deposit box belongs to her as part of the bequest con-

tained in article sixth of the will under which testator bequeathed to her " all personal effects, household effects, automobiles and other tangible personal property, whether located as at present at 40 Park Avenue, Borough of Manhattan, New York City, N. Y., or elsewhere, at the time of my demise." She asserts that this money is an item of tangible personal property and that as it was testator's habit before his death to maintain sums of cash in the safe deposit box the reference in article sixth to " tangible personal property " applies to such sum. It is at least a striking coincidence that the $28,600 is precisely the total amount of the legacies to various individuals provided in articles fourth, tenth and fifteenth of the will. Inasmuch as testator made clear cut and definite provisions for his widow in articles fourth, fifth and seventh as well as numerous gifts to others in this detailed will, the inference is strong that he would not have given his widow, or any other person, such a substantial amount by indirection, but that he thought he had disposed of such cash by his general legacies. Article sixth refers only to property located at 40 Park Avenue, testator's residence at the date of execution of the will, and property which might be located " elsewhere " in the event he changed his place of residence prior to his death, and as there is no showing that the cash was ever anywhere but in the safe-deposit box, such cash must be excluded from the operation of this provision. Cash is not ordinarily thought of as " tangible personal property " and here, under the familiar doctrine of *ejusdem generis,* the words " tangible personal property " should be limited to property of the same or similar character as that described by the preceding words, to wit, personal effects, household effects and automobiles (*Matter of Reynolds,* 124 N. Y. 388; *Ludwig* v. *Bungart,* 33 Misc. 177; *Matter of Minniss,* 200 Misc. 353; *Matter of Greene,* 81 N. Y. S. 2d 701). Accordingly the court holds that article sixth of the will gives petitioner no right to the cash in the amount of $28,600 found in the testator's safe deposit box.

Submit decree on notice accordingly.