In the Matter of the Construction of the Will of Tobias T. Pergament, Deceased. Elsie M. Pergament, Appellant; Chase National Bank of the City of New York et al., as Executors of Tobias T. Pergament, Deceased, et al., Respondents.— Decree unanimously affirmed, with costs. No opinion. Present — Peck, P. J., Cohn, Callahan, Bastow and Bergan, JJ. [204 Misc. 384.]

In the Matter of 601 West 26 Corp., Respondent-Appellant. Midtown Warehouse, Inc., Appellant-Respondent, et al., Respondents.— On this record we find the fair value of the property to be $6,150,000 as of the time in question. Furthermore, profits from sale of electricity should not have been included in the expenses allowable. Order unanimously modified so as to fix rents on the basis indicated and, as so modified, affirmed. Settle order on notice. Present — Peck, P. J., Cohn, Callahan, Bastow and Bergan, JJ.

Edward Martin, Respondent, v. Fred Shands et al., Appellants, et al., Defendants.— Judgment unanimously affirmed, with costs. No opinion. Present — Peck, P. J., Cohn, Callahan, Bastow and Bergan, JJ.

Terminal Musical Supply, Inc., Respondent, v. Musical Instruments Exchange, Inc., et al., Appellants.— We think the complaint states two causes of action, one relating to the plagiarism of plaintiff's advertising and the other relating to defendants' "Mix" sales plan and advertising. The motion to separately state and number should have been granted. But we can treat the complaint as alleging two separate causes of action and conclude that the paragraphs of the complaint relating to "Mix" are insufficient to state a cause of action and should be eliminated. The order denying the motion to dismiss should otherwise be affirmed. Orders modified as so indicated and, as so modified, affirmed. Settle order on notice. Present — Peck, P. J., Cohn, Callahan, Bastow and Bergan, JJ.; Callahan and Bergan, JJ., dissent and vote to dismiss in the following memorandum: Whatever we may think of the ethics of defendants' trade practices, it would seem that what it was doing does not amount to unfair competition and therefore we vote to dismiss the complaint in its entirety. There can be no "plagiarism" of advertising in the public domain without copyright. [See post, p. 1030.]

The People of the State of New York, Respondent, v. Albert Diana, Appellant.— Judgments unanimously reversed, the informations dismissed and the fines remitted, upon the ground that the guilt of the defendant as to each of the three charges was not established beyond a reasonable doubt. Present — Peck, P. J., Cohn, Callahan, Bastow and Bergan, JJ.