Peckham, J.
 

 The decision in
 
 Merritt
 
 v.
 
 Todd
 
 (23 N. Y., 28), seems to have caused some disturbance in the law as to the right of parties upon demand notes. That case simply decided that an indorser on such a note bearing interest was not discharged, though no demand was made upon the maker until some three and a half years after the making of the note. That as between holder and indorser, such a note was not due until demand made. This rule, by the decision itself, was confined to that particular case, and did not apply, nor was it claimed to apply, to the rights of holders of such paper as against the maker. We are not disposed to extend the rule there laid down.
 

 There is no divided opinion here or in England that upon such a note, with or without interest, an action may be maintained against the maker without any demand because it is due. Ho demand can be sued before due; no action will lie upon any claim of any description arising upon contract before it is due. To say that the suit is the demand is to repeat an unmeaning phrase as thus used, which no number of repetitions can make sensible. A demand note is due forthwith, and hence may be sued without demand, nor until this decision
 
 oí Merritt
 
 v.
 
 Todd
 
 has there been any difference of opinion as to the time when such a note is barred by the statute. But that decision does not- settle this question.
 

 There is really no reason why the statute should not run, and that it does run both here and in England is settled beyond all doubt.
 

 If
 
 Merritt
 
 v.
 
 Todd,
 
 in its reasoning, can be regarded as impugning this doctrine, it has been distinctly decided again
 
 *521
 
 in this court since that decision.
 
 (Howland
 
 v.
 
 Edmonds,
 
 24 N. Y., 307.) In that ease the point was whether the note sued upon was substantially a demand note. The court held it was, and therefore barred. In this case
 
 Merritt
 
 v.
 
 Todd,
 
 although just decided by the same court, was not alluded to or regarded as having any legitimate bearing upon the question. In
 
 Herrick
 
 v.
 
 Woolverton
 
 (41 N. Y., 581), originally tried before me, and reversed by my brethren of the Supreme Court, this point was discussed, and all the judges who delivered opinions agreed that a note like this is due forthwith so far as regards the statute. (See the authorities
 
 cited;
 
 and see Angel on Limitations, p. 89, § 95, and authorities cited in note; also an English elementary work, Darby
 
 &
 
 Bosang Stat. of Lim., p. 20, and cases cited.)
 

 This rule is not affected by any decision to the contrary in this court.
 

 The judgment must be reversed, and new trial ordered.
 

 All concur.
 

 Judgment reversed.