Haight, J.
The appellant, Lawson A. Long, is the administrator of the estate of Lydia P. Long, deceased. She died on the 24th day of May, 1883. The appellant in his final statement to the surrogate, asked to be allowed the amount of four promissory notes executed by the deceased and held by him.
It is now conceded on the part of the appellant that two of the notes were barred by the statute of limitations. He contends, however, that the other two notes are not barred, and that the amount thereof should have been allowed to him. They are as follows:
“ This is to certify that I have borrowed of Lawson A. Long two hundred dollars, and that in case I die before it is paid, it shall be paid out of my estate, with interest, from April 15, 1866.
“ New York, July 31, 1868. “ LYDIA D. LONG.”
“ Buffalo, N. Y., July 1 1871.
“ One month after date, I promise to pay Lawson A. Long, or order, one hundred and seventy-five dollars, with interest, for value received.
“ Mrs. LYDIA D. LONG.”
“ Buffalo, N. Y
“ In the case of my death, it is my request that this note shall be paid immediately out of the rents of my houses.
“L. D. LONG.”
No endorsements appear upon either of the foregoing notes, and no evidence was given that they had in any manner been renewed. As to the first instrument, it is a certificate that the deceased had borrowed of Lawson A. *198 Long $200. No time is fixed within which the payment is to be made. It must, therefore, be deemed to have been due and payable from the time that the money was borrowed, unless the latter clause of the certificate had the effect to postpone the payment until after her death. Wheeler v. Warner, 47 N. Y., 519; De Lavallelte v. Wendt, 75 id., 579.
The latter clause is: “In case I die before it is paid, it shall be paid out of my estate,” etc. We do not understand this clause as intending to postpone the payment until after her death. The appellant was under no obligation to wait for his money until her death. He had the right to sue and collect the same during her life, and under sections 380 and 382 of the Code, his action would have to be commenced within six years after the cause of action, accrued. We are, therefore, of the opinion that his cause of action upon this instrument became barred after the expiration of six years from July 21, 1868.
The other note, by its terms, became due in one month from its date, July 1, 1871, and the statute commenced to run from that date. The clause underneath the note: “ In the case of my death, it is my request that this note shall be paid immediately out of the rent of my houses,” is in effect the same as that embraced in the first note. It is simply a request as to the fund out of which the note should be paid in the case of her death. It does not purport to postpone the date of payment, or amount to a promise to pay at any subsequent date other than that embraced in the body of the note. This clause is not dated separately from the note, and it must, therefore, be deemed to have been written and signed at the same time.
Upon the accounting before the surrogate, E. W. Hatch, Esq., appeared as the attorney for the committee of Henry N. Vosburg, a lunatic, George Gorham, Esq., also appeared, and asked permission of the court to represent the lunatic. This was objected to by the administrator for the reason that the lunatic had a legally constituted committee, who appeared for him, and was represented by Mr. Hatch. The objection was overruled and exception taken. It does not appear that the committee made any objection to Mr. Gorham’s appearing in the case on behalf of the lunatic, and in the absence of any such objection, we think that we may assume that Mr. Gorham was associated with Mr. Hatch in looking after the interests of the lunatic. It does appear that Mr. Hatch objected to only two of the notes, and that Mr. Gorham contended that the four notes were barred by the statute; and that this litigation has been carried on in reference to the two notes not objected to by Mr. Hatch. We are consequently inclined to doubt the propriety of *199 awarding costs to the committee, and under the circumstances we are of the opinion that the decree should be affirmed, without costs to either party. So ordered.
Smith, P. J.; Barker and Bradley, JJ., concur.