(31 App. Div. 6.)

## SMITH v. EIGHTH WARD BANK OF BROOKLYN.

(Supreme Court, Appellate Division, First Department. June 10, 1898.)

1. FOREIGN RECEIVER—ASSETS IN STATE.

Upon the entry of an order of a court of competent jurisdiction, in another state, under whose laws a corporation is organized, appointing a receiver, and in terms vesting in him all its property, wherever situated, personal property of the corporation situated in New York thereupon vests in such receiver; and, upon the appointment of an ancillary receiver here, the latter acquires the right to enforce that devolution of title.

2. BANKS—LIENS ON DEPOSITS.

A bank has a general lien on all moneys and funds of a depositor in its possession, for the balance of the general account, provided that account

is due and payable; but, where a note is discounted by a bank for its depositor, it has no resulting lien upon his funds or property until the note becomes due.

Submission of controversy between Frank Sullivan Smith, as receiver of the Worcester Cycle Manufacturing Company, and the Eighth Ward Bank of Brooklyn.    Judgment for plaintiff.

Argued before PATTERSON, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

C. Walter Artz, for plaintiff.
Dill, Seymour & Kellogg, for defendant.

INGRAHAM, J.  The question submitted upon this controversy is as to the rights of the plaintiff, as receiver of the Worcester Cycle Manufacturing Company, to the proceeds of a draft deposited by said corporation with the defendant for collection, or whether the defendant had a right to apply the proceeds of such draft to the payment of two promissory notes discounted by the defendant for the corporation.  In determining this question, the dates are important.  On May 27, 1897, the defendant, a banking corporation doing business in this state, discounted two promissory notes made by the Worcester Cycle Manufacturing Company (who will be designated as the "plaintiff"), each for $250.  One of these notes matured June 25, 1897, and the other July 25, 1897.  These notes were indorsed to the defendant, which has ever since been the owner of them.  Neither of these notes was paid at maturity, unless by the application of the proceeds of the note deposited with the defendant for collection, as hereinafter stated.  On June 4, 1897, the plaintiff corporation delivered to the defendant for collection a promissory note made by one Luhs, payable to the plaintiff corporation's order, for $441.67, August 4, 1897, which was paid to the defendant at maturity; and, immediately upon the payment of the note to the defendant, the defendant credited the amount collected as in full payment of the discounted note which came due June 25, 1897, and the balance was credited on account of the discounted note maturing July 25, 1897.  On the 7th of July, 1897, the court of chancery of the state of New Jersey, under the laws of which state the plaintiff corporation was incorporated, upon the ground that such corporation was insolvent, appointed one William Reed Howe temporary receiver for the creditors and stockholders of the said corporation, with full power and authority to demand, sue for, collect, receive, and take into his possession all the goods and chattels, rights and credits, moneys and effects, lands, tenements, books, papers, choses in action, bills, notes, and property, of every description, of the said corporation, and to institute suits at law or equity for the recovery of such property, and ordered that all of the real and personal property of the plaintiff corporation, wherever situated, should forthwith vest in the said receiver.  On the 12th of July, an action was commenced in the supreme court in this state, and the plaintiff was appointed receiver of all the property and assets, real and personal, of the corporation in the state of New York, with power

and authority to demand, sue for, collect, receive, and take into his possession all choses in action, bills, notes, and property, of every description, belonging to the said corporation, in the state of New York, and to exercise in this state, so far as he may lawfully do so, all the powers vested in him as receiver, ancillary to the receiver appointed by the court of chancery of the state of New Jersey; and on July 14, 1897, the plaintiff, as such receiver, duly qualified under such order. By the entry of the order in the court of chancery of New Jersey, the property of the corporation was vested in the receiver, and the corporation was devested of the title thereof. This order, having been granted by a court of competent jurisdiction of the state which had granted the charter, and to which the corporation was subject, operated upon its property wherever situated; and, upon the appointment of the receiver in New York, the right to enforce that devolution of title vested in him. The title of the property had passed upon the entry of the order of the court of chancery of New Jersey, and the rights of the parties then became fixed; and the power of the defendant to apply the property which had thus become vested in the receiver to the payment of the debts of the corporation must be limited to the right that it had at that time.

There are two questions presented: First, as to the right of the defendant to apply the proceeds of this note received for collection to the note for $250, which matured on June 25, 1897; and, second, as to the right of the defendant to apply the balance of such proceeds of the discounted note to the payment of the note which become due on the 25th of July, 1897. Between these two dates, the corporation, the maker of the discounted notes, had become insolvent, and a receiver had been appointed, who had duly qualified.

It is well settled that, as between bank and depositor, paper deposited with a bank for collection remains the property of the depositor, and the bank acquires no title to it. 3 Am. & Eng. Enc. Law (2d Ed.) 815; Dickerson v. Wason, 47 N. Y. 439; National Park Bank v. Seaboard Bank, 114 N. Y. 28, 20 N. E. 632. At the time of the appointment of the receiver, therefore, this note, deposited with the defendant for collection, remained the property of the corporation, and the defendant acquired no title to it. Unless the defendant had a banker's lien upon the note, under the facts stated in the submission, the plaintiff, as receiver, would have been entitled to the possession of this note so deposited for collection upon his appointment as receiver and his qualification under the order appointing him, and was entitled to the proceeds of the note when collected by the defendant. The rule may be broadly stated that a bank has a general lien on all moneys and funds of a depositor in its possession, for the balance of the general account, provided that that account is due and payable. Where, however, a note is discounted by a bank, the bank has no lien upon the funds or property of the depositor until the note becomes due. Jordan v. Bank, 74 N. Y. 473. It was held in that case that as there was no contract for a lien for the balance of a customer's account to secure the payment of a note of the customer's which had been discounted by

the bank, and which was not due, the law did not operate to give one, the court saying:

"It would be in complete hostility to the whole purport and contemplation of the contract of discount. The purpose, existing and understood by the parties in that act, is that the customer of the bank may draw out at his pleasure the avails of the discount. After the paper discounted falls due and remains unpaid, unless other rights have intervened, the bank may hold a balance of deposits, and apply it towards the payment of the paper. * * * Now, a debtor in one sum has no lien upon it in his hands, for the payment of a debt owned by him, which has not yet matured; nor has a bank, more than any other debtor. Both hold, as debtors, the money of their creditors, and may set up no claim to them not given by the law of set-off, counterclaim, recoupment, or kindred rules."

The court discusses the principle of a set-off in equity, and say:

"Insolvency of a party sometimes moves equity to grant a set-off, which would not be allowed at law."

But it was held that:

"None but mutual debts could be set off against one another, and that by mutual debts was meant those which, on each side, were, at the time, due and payable."

In Fera v. Wickham, 135 N. Y. 223, 31 N. E. 1028, neither of the claims sought to be set off had matured at the time of the devolution of title, but both accrued afterwards, and the right of set-off was denied. In Re Hatch, 155 N. Y. 405, 50 N. E. 49, it was held that when the debt owing to the party who asserts the right is due, although that owing by such party did not accrue until after such devolution, the right of set-off could be enforced. See, also, Scott v. Armstrong, 146 U. S. 499, 13 Sup. Ct. 148, where the question was as to the right to set off against the amount due to a national bank a sum of money deposited with the bank prior to its insolvency and the appointment of a receiver, and it was held that the right existed as to obligations due by the bank when the receiver was appointed and debts which became due to the bank after the appointment.

If the obligation of the bank was not due, then the right of set-off did not exist. Thus, on the 25th day of June, 1897, the defendant corporation was indebted to the plaintiff in the sum of $250, for the note due on that day which the defendant had discounted, and which was unpaid. It had a banker's lien upon the property in its hands, to secure the payment of this past-due note. It had received from the maker of the note for collection a note due on August 4, 1897; and it was entitled to hold that note under its lien as security for the payment of the past-due discounted note; and, upon the payment of the note received for collection, it was entitled to apply the proceeds on that note so far as necessary to satisfy the note which had become due on June 25th. On the 14th of July, 1895, when the receiver appointed in this state qualified, the property of the corporation vested in that receiver; and the receiver was entitled to demand from the defendant the note received by the defendant for collection upon the payment to the defendant of the lien that it had upon the note, or the payment of the discounted note then past due. Its banker's lien did not attach to the note received for collection, except as to the note then due, as its lien extended only to obliga-

tions that were due. When, therefore, the defendant received the amount of the note deposited for collection, it received it as agent of the plaintiff as receiver; and, as to the balance over and above the amount necessary to discharge its banker's lien, that money belonged to the plaintiff as receiver.

We think, therefore, that the defendant was entitled to retain the sum of $250 and interest from June 25, 1897, and that the plaintiff was entitled to recover the balance of the amount received by the defendant in payment of the note deposited for collection, with interest from August 4, 1897. Judgment is directed accordingly. All concur.