## PEOPLE v. ST. NICHOLAS BANK.

### In re DUNN et al.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

1. ATTACHMENT—FOREIGN CORPORATIONS—ISSUANCE OF WARRANT.

Under Code Civ. Proc. § 1780, authorizing actions between foreign corporations only to recover for breach of a contract "made within the state or relating to property situated in the state at the time of the making thereof," and sections 635 and 636, which, to entitle plaintiff in an action to a warrant of attachment, require that "he must show by affidavit to the satisfaction of the judge granting the same" a cause of action against defendant for breach of contract, the court has not jurisdiction to issue a warrant of attachment on an affidavit not showing that the contract, for breach of which recovery is sought, was "made within the state," etc. It is not enough that this appears from the verified

complaint; the affidavit merely alleging that the allegations in the complaint are true, it not being shown that the complaint was before or considered by the judge when the warrant was issued, and the warrant reciting that the facts referred to were made to appear by the affidavit.

**2. SAME—LEVY.**

It being necessary, under Code Civ. Proc. § 649, subd. 3, in order to obtain a lien under a warrant of attachment on a deposit in a bank, that a certified copy of the warrant, and a notice showing the property attached, be delivered to and left with the person holding the same, the levy cannot be held valid on testimony merely of a witness that he saw the sheriff give the bank officers a copy of the warrant, and that it was his memory that it was certified, or that a copy of the notice required was served with it.

**3. BANKS—LIEN.**

A bank has a lien on the money of a customer deposited with it; it at the time holding notes of his for a greater amount, payable on demand.

Appeal from special term, New York county.

On proceedings by the people of the state of New York against the St. Nicholas Bank, Hugh J. Grant was appointed receiver for it. Thomas J. Dunn, sheriff of the county of New York, petitioned to have the receiver pay over money to him, and from an order so directing payment the receiver appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Latham G. Reed, for appellant.
Benjamin F. Lee, for respondent.

McLAUGHLIN, J. This is an appeal from an order directing the payment by Hugh J. Grant, as receiver of the St. Nicholas Bank, of a sum of money to the sheriff of the county of New York, in aid of and to apply upon an execution in his hands in an action wherein a warrant of attachment had been granted in favor of the Rubber Reclaiming Company, plaintiff, against the American Casualty & Security Company, defendant. It appears from the papers used upon the motion: That the casualty company on or about November 24, 1893, had a deposit in the St. Nicholas Bank amounting to $2,342.93. That about that time a warrant of attachment was issued in an action brought by the rubber company against the casualty company, and a levy was attempted to be made upon this balance. The casualty company at that time, and for a considerable period prior thereto, had been indebted to the bank upon three promissory notes payable on demand, and amounting in the aggregate to $43,000. That on December 23, 1893, the bank closed its doors, and three days later Grant was appointed its receiver. The casualty company being indebted to the bank upon the notes referred to, the receiver applied the amount which the casualty company then had on deposit upon that indebtedness, alleging a banker's lien upon the fund so applied, and filed his proof of claim with the receiver of the casualty company for the balance. The order appealed from directs that the sum thus applied be paid to the sheriff, to apply upon the execution in the action of the rubber company, and whether or not this can be done

depends upon the fact of whether a valid lien was acquired by virtue of the attachment issued in the action. The receiver (the appellant) assails the order upon the ground, among others, that the court, in issuing the warrant of attachment, did not acquire jurisdiction to do so, and therefore that the warrant and all proceedings taken under it were null and void. This is the main question to be considered.

It is conceded that the rubber company and the casualty company, the parties to the action in which the warrant of attachment was issued, were foreign corporations, and therefore the right to maintain the action was governed by section 1780 of the Code of Civil Procedure. This section, among other things, provides, that "an action against a foreign corporation may be maintained by another foreign corporation, or by a non-resident, in one of the following cases only: (1) Where the action is brought to recover damages for the breach of a contract, made within the state, or relating to property situated within the state, at the time of the making thereof." To entitle the plaintiff in the action to a warrant of attachment, he was obliged to comply with section 636 of the Code, which provides that "he must show by affidavit to the satisfaction of the judge granting the same" that a cause of action exists against the defendant for "(1) a breach of contract express or implied other than a contract to marry; (2) a wrongful conversion of personal property; (3) an injury to person or property in consequence of negligence, fraud or other wrongful act." Section 635. And where the claim is against a foreign corporation, and in favor of another foreign corporation, a cause of action for the breach of a contract does not exist, unless the circumstances are such as to bring it within section 1780 of the Code, referred to. It follows, therefore, that before jurisdiction can be acquired to issue a warrant of attachment against the property of a foreign corporation, at the instance of a foreign corporation or a nonresident, it must be first made to appear by affidavit that a cause of action exists in favor of the plaintiff for a breach of a contract "made within the state or relating to property situated within the state at the time of the making thereof." Were such facts made to appear by affidavit when the warrant of attachment under consideration was granted? Clearly not, so far as appears from the record before us. The warrant itself recited that, whereas application has been made for a warrant of attachment, "and it appearing by affidavit to the satisfaction of the judge granting the warrant that one of the causes of action specified in section 635 of the Code of Civil Procedure exists against the defendant," the sheriff is directed to attach the property mentioned. The affidavit upon which the warrant was based recites:

"That the plaintiff above named is entitled to recover from the defendant above named the sum of four thousand dollars, with interest from the 30th day of August, 1893, over and above all counterclaims known to the plaintiff, upon one of the causes of action mentioned in section 635 of the Code of Civil Procedure, and particularly set forth in subdivision 2 of this affidavit, no part of which has been paid."

Subdivision 2 of the affidavit reads as follows:

"That the above-entitled action is brought to recover a sum of money only, as damages for breach of an express contract, viz. a contract in writing of insurance against loss by accident during the period of one year from November 11, 1892, to November 11, 1893, under which, by reason of an accident which occurred on or about August 18, 1893, the plaintiff suffered damages in the sum of more than $6,000, which the defendant herein became liable to pay to the plaintiff; that, the amount of such loss being disputed, thereupon and on or about the 30th day of August, 1893, by agreement in writing, such loss was adjusted at $4,000, payment of which was thereafter, and on or about August 30th, 1893, demanded by the plaintiff of defendant."

And paragraph 5 of the same affidavit states:

"That deponent further says that all the allegations in the verified complaint herein, and in the verification thereof, are true."

It is therefore seen that the affidavit, in and of itself, did not show that a cause of action existed in favor of the plaintiff against the defendant. It fails to state the material facts required by the statute, namely, that the contract for the breach of which damages were claimed was made within this state, or related to property situated within the state at the time of the making thereof. The plaintiff was bound to allege and prove the existence of these facts in order to maintain an action against the defendant, and, to entitle him to obtain a warrant of attachment, he was bound to establish the same by affidavit. The court could acquire jurisdiction to issue a warrant of attachment against the property of the defendant, a foreign corporation, in no other way. It has been held that, owing to the harshness of the remedy by attachment, the section of the Code referred to should be construed in accordance with the general rule applicable to statutes in derogation of the common law,—strictly in favor of those against whom the warrant may be employed. Penoyer v. Kelsey, 150 N. Y. 80, 44 N. E. 788. The respondent, in answer to the criticism thus made upon the affidavit, claims that the facts necessary to give the court jurisdiction were set out in the verified complaint, which, for the purposes of granting the warrant, could be treated as an affidavit. It is undoubtedly true that a verified complaint can, for the purpose suggested, be treated as an affidavit, but there is nothing in this record to show that the verified complaint was before or considered by the judge at the time the warrant was issued. It was not attached to the affidavit, nor is it referred to therein, except by the statement that the allegations of the complaint are true. The warrant itself specifically recites that the facts referred to were made to appear to the satisfaction of the judge granting the warrant by "affidavit," and that the "affidavit" shows that the plaintiff is entitled to recover. No reference is made in the warrant to the complaint, and it cannot be presumed, in the absence of proof in that respect, that it was presented to and considered by the judge who granted the warrant. The affidavit, as we have seen, did not show the existence of a cause of action, and, unless the complaint was considered, jurisdiction was never obtained to issue the warrant. There is no proof that the complaint was before the judge, and

therefore it must be held that the court never acquired jurisdiction to issue the warrant, and that the proceedings taken under it to acquire a lien upon the deposit referred to were void.

We are also of the opinion that the order must be reversed for another reason, even if it be conceded that the warrant of attachment was properly issued. To obtain a valid lien under a warrant of attachment upon property incapable of manual delivery, as this property was, it is necessary, under section 649, subd. 3, of the Code, that a certified copy of the warrant, and a notice showing the property attached, be delivered to and left with the person holding the same. Courtney v. Bank, 154 N. Y. 688, 49 N. E. 54. Neither of these requirements can be dispensed with. The person upon whom the warrant is served is entitled to have a copy of the original warrant, duly certified by the sheriff or other officer having the custody of the original, so that he may have official information as to the contents of the original warrant, which he may rely upon and use for his protection as occasion may require. Courtney v. Bank, supra. There is no satisfactory evidence in this record from which it can be found that a certified copy of the warrant and the notice was ever served in the manner pointed out in the statute. Substantially the whole proof on that subject consists of the testimony given by the witness Wood, who claims that he was present when the officer made the levy. He testified that he went to the bank and saw two of its officers, and that one Fox, the deputy sheriff, gave them a copy of the warrant and showed them the original, and announced that he levied upon the property of the sheriff there. He also testified, in response to the question, "Was the copy so delivered to the bank officer certified?" "My memory is that it was." But he did not state by whom it was certified, or whether the notice required by the statute was served with it. The testimony of this witness is unsatisfactory, and is insufficient to show a levy in the manner required by the statute; and, without such proof, the court should have declared the attempted levy to be void and of no effect.

We are also of the opinion that the St. Nicholas Bank had a prior lien upon the money directed to be turned over to the sheriff. A banker's lien attaches in favor of a bank upon securities and moneys of the customer deposited in the usual course of business for all indebtedness of the customer to it then actually due. The St. Nicholas Bank, as we have already seen, was at the time the warrant of attachment was issued the owner and holder of three promissory notes made by the casualty company, payable on demand, and aggregating in amount a sum largely in excess of the amount on deposit. These notes were then due. Wheeler v. Warner, 47 N. Y. 519; McMullen v. Rafferty, 89 N. Y. 456. The notes being due, the bank had a prior lien on this fund. As was said in Meyers v. Bank, 36 App. Div. 482, 55 N. Y. Supp. 504:

"When a depositor opens an account in a bank, that very act, in the absence of an agreement to the contrary, authorizes an appropriation of his deposit balance to any matured claims the bank may hold against him, the same as if he then executed an agreement in writing to that effect."

The St. Nicholas Bank, therefore, having a prior lien on the fund, the alleged levy made under the warrant of attachment was insufficient to deprive the bank of that lien, and the special term should have so held.

For these reasons the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur; INGRAHAM, J., on last ground.

FREDRICHS et al. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

MUNICIPAL CORPORATIONS—APPROPRIATION OF LANDS—DEMAND BEFORE DEFAULT—INTEREST.

Laws 1894, c. 746, § 4, provides that a city shall, within four calendar months after the confirmation of a report appropriating lands, pay to the parties from whom the lands were taken the sum adjudged due by the report, and in default thereof shall pay the same with interest thereon from date of demand. Plaintiff made demand for such payment on Saturday,—one day before the expiration of the four months,—asking for the payment and for interest thereon from the day following his demand. *Held*, that such demand, being made before the city was in default, did not fix a liability on it for interest.

Appeal from trial term.

Action by Edward Fredrichs and another against the city of New York. Judgment for plaintiffs (58 N. Y. Supp. 285), and defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Theodore Connoly and George Landon, for appellant.
George H. Rudolph, for respondents.