(53 Misc. Rep. 597)

### HYMAN v. DOYLE.

(Supreme Court, Appellate Term. April 10, 1907.)

BILLS AND NOTES—ACTION ON NOTE—EVIDENCE—SUFFICIENCY.
    In an action on a note payable on demand at a specified place, the complaint will not be dismissed because plaintiff failed to prove any demand.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, §§ 1003, 1045, 1050.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Samuel Hyman against Janet P. Doyle. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

Jacob S. Strahl, for appellant.
Mark Goldberg, for respondent.

GIEGERICH, J. The action was brought upon a promissory note made payable "on demand after date" at a place specified. The proposition most strenuously contended for by the appellant is that the complaint should have been dismissed because of the failure on the part of the plaintiff to prove any demand. Decisions in other jurisdictions are relied upon in the appellant's brief, but the rule in this state is that, as between the maker and the holder, a promissory note payable upon demand is due forthwith. Wheeler v. Warner, 47 N. Y. 519, 7 Am. Rep. 478; De Lavallette v. Wendt, 75 N. Y. 579, 31 Am. Rep. 494; McMullen v. Rafferty, 89 N. Y. 457; Cottle v. Marine Bank, 166 N. Y. 53, 59 N. E. 736; People v. St. Nicholas Bank, 44 App. Div. 313, 60 N. Y. Supp. 719; Abbott's Forms of Pleading, vol. 1, p. 221, and authorities there cited. The only effect of qualify-

ing a promise to pay by a mere specifying of demand at a fixed time and place is that if the debtor is ready with the money at that time and place, and no demand is made, he is exonerated from paying costs and interest for subsequent time, provided he keeps ready, pays the money into court when sued, and pleads these facts in his answer. Tiedeman on Commercial Paper, § 310, and cases cited; Locklin v. Moore, 57 N. Y. 360; Abbott's Forms of Pleading, vol. 1, p. 221, and authorities cited.

The defense that the plaintiff was not the real party in interest was set up, but was not substantiated by the evidence.

The judgment should be affirmed, with costs. All concur.