[No. 1870]

McSTAY SUPPLY COMPANY (A CORPORATION), RESPONDENT, *v.* CARL STODDARD, LYTTON STODDARD, AND JOHN S. COOK & COMPANY (A CORPORATION), APPELLANTS.

1. APPEAL AND ERROR — THEORY OF CAUSE — MISTAKEN REMEDY — QUESTION FIRST RAISED ON APPEAL.
     Where a suit was tried by both parties on the theory that it was in equity, defendant could not object for the first time on appeal that the complaint stated a cause of action at law and that plaintiff had mistaken his remedy which was in equity instead of at law.

2. ACTION—NATURE OF REMEDY—EQUITY OR LAW.
     Plaintiff sued defendant banking company and the firm of S. Bros., alleging that the firm had collected certain funds as plaintiff's agent and had wrongfully deposited them in the firm account in defendant bank to which the firm was indebted, and that defendant bank, with knowledge of plaintiff's ownership of the money, wrongfully credited the same on the firm's debt, and refused on demand to pay the money to plaintiff, whereupon plaintiff prayed that it might be decreed to be the owner of the money, and that the bank be ordered to account therefor and pay it over. *Held,* that the facts alleged stated a cause of action in equity and not at law.

3. ELECTION OF REMEDIES—ACCOUNTING—CONVERSION.
     Where the agent of plaintiff wrongfully deposited money collected to the credit of the agent's account in a bank, and the bank, with knowledge of plaintiff's ownership, credited the money on the agent's debt to it, the plaintiff could either sue the bank in equity of an accounting or else treat the funds as converted, and sue for damages at law.

4. APPEAL AND ERROR — FINDINGS BY TRIAL COURT — CONFLICTING EVIDENCE—REVIEW.
     Findings of fact on conflicting evidence will not be reversed on appeal.

Argument for Appellants

5. BANKS AND BANKING—RELATION BETWEEN BANK AND DEPOSITOR.
   The relation between a bank and its depositor is that of debtor and creditor, so that the title to money deposited passes at once to the bank and becomes a part of its general assets.

6. BANKS AND BANKING—BANK'S LIEN.
   A bank has a lien on all funds belonging to depositors deposited for any indebtedness owing to it by them.

7. BANKS AND BANKING — DEPOSITS BY AGENT — WITHDRAWAL — LIEN.
   Where a principal permits his agent to deposit money in a bank without notice to the bank that the money belongs to the principal, and the agent checks out the money or subjects it to a lien on account of money borrowed from the bank, the loss is that of the principal and not of the bank.

8. BANKS AND BANKING—DEPOSIT—BANK'S LIEN—MONEY BELONGING TO DEPOSITOR'S PRINCIPAL.
   Where a principal permits his agent to deposit money to the credit of the agent's account in a bank, and neglects to give notice of ownership of the money until the bank's lien has attached for an indebtedness due from the agent, a notice thereafter given is too late and will not affect the bank's right to apply the money to satisfy its lien.

9. BANKS AND BANKING — TRUST FUNDS — DEPOSIT BY AGENT — APPLICATION BY BANK.
   Where an agent to collect and remit for claims belonging to plaintiff, without authority, deposited the proceeds of the collections to his deposit account in a bank to which he was indebted, plaintiff was the equitable owner of such proceeds, and the bank had no authority after notice to apply the same to the agent's debt to it.

APPEAL from the Seventh Judicial District Court, Esmeralda County, Nevada; *Theron Stevens*, Judge.

Action by the McStay Supply Company against John S. Cook & Co. Judgment for plaintiff, and defendant appeals. **Affirmed.**

The facts sufficiently appear in the opinion.

*Bryant & O'Brien, C. L. Lyman,* and *Henry M. Hoyt,* for Appellants:

The plaintiff has mistaken its remedy, and under the facts found by the court should have brought a suit in equity instead of an action at law. The theory upon which the court below gave judgment was that Stoddard Brothers were acting as trustees for the plaintiff in

collecting the money for the goods sold and in depositing it in the banking house of John S. Cook & Company, and that the money being a trust fund, the plaintiff could follow it, even though it never had any notice that the money was the property of the McStay Supply Company. There is nothing in the complaint, direct or indirect, to indicate that it was intended as a suit in equity. The authorities are uniform that under the facts of a case of this kind the plaintiff has two remedies. He must either bring a bill in equity, or he must sue the bank for damages for conversion. The complaint in this case is neither the one nor the other. In an action of this kind the remedy is in equity and not at law. (*National Bank* v. *Life Ins. Co.*, 104 U. S. 54; *Winstandley* v. *Second National Bank*, 41 N. E. 957.)

On the other hand, if the plaintiff desired to bring an action at law he should not allege that the money was still in the bank, but should have alleged conversion, and then an action at law might have lain. (*Globe Savings Bank* v. *National Bank of Commerce*, 64 Neb. 413.)

Whether this case be treated as at law or in equity, there is a total failure of proof to support either. The only evidence introduced by the plaintiff consisted of the deposition of Carl Stoddard and the testimony of C. E. McStay. The record may be searched from cover to cover for any evidence which shows that Stoddard Brothers actually collected this money and deposited it with John S. Cook & Company. This being true, the plaintiff must fail to recover in any form against John S. Cook & Company.

Even though the plaintiff had filed a proper bill in equity and had proved the facts set forth in the opinion of the court and in the findings of fact, then, under the law, the plaintiff would not be entitled to recover either at law or in equity.

The relation between a bank and its depositors is that of debtor and creditor. Money deposited in a bank becomes part of its general assets and the bank simply becomes a debtor of the depositor. The absolute title to the money

by the mere act of deposit passes to the bank. (3 Am. &
Eng. Ency. 827; *Bank of Marysville* v. *Brewing Co.*, 50
Ohio St. 151.)

The bank has a lien upon all funds deposited for any
indebtedness owing to it by the depositors. (2 Bolles,
Modern Law of Banking, 740; 3 Am. & Eng. Ency. 828; 1
Morse on Banks and Banking, sec. 324; *National Bank* v.
*Insurance Co.*, 104 U. S. 54.)

If a principal permits his agent to deposit money in
the bank without any notice to the bank that the money
belongs to the principal, and the agent checks out the
money or subjects it to a lien, on account of any borrow-
ing of money, then the principal, and not the bank, is the
loser.   This is the crucial proposition in the case at bar,
because the facts most favorably construed to the plain-
tiff bring it clearly within this rule. · All that the plaintiff
can possibly claim is that Stoddard Brothers, acting as
agents of the plaintiff, collected the plaintiff's money
and deposited it with John S. Cook & Company to their
own account.   At the time the deposit was made Stod-
dard Brothers personally owed John S. Cook & Company
twelve thousand dollars.   (*Bank of New South Wales* v.
*Goldburn*, 87 Law Times Rep. 88; *Holley* v. *Domestic
Missionary Society*, 180 U. S. 284; *Bank of Metropolis* v.
*New England Bank*, 1 How. 234; *Sweeney* v. *Easter*, 1
Wall. 166; *School District* v. *First National Bank*, 102
Mass. 174; *Wood* v. *Boylston National Bank*, 129 Mass.
358; *Globe Savings Bank* v. *National Bank of Commerce*,
64 Neb. 413; *Justh* v. *National Bank of Commonwealth*,
56 N. Y. 478; *Goshen Bank* v. *State*, 141 N. Y. 379; *Hatch*
v. *National Bank*, 147 N. Y. 185; *Sparrow* v. *State
Exchange Bank*, 103 Mo. App. 338; *Smith* v. *Crawford
County Bank*, 99 Iowa, 282; *Munnerlyn* v. *Augusta*, 88
Ga. 333; *First National Bank* v. *Valley State Bank*, 57
Pac. 510; *Smith* v. *Des Moines National Bank*, 78 N. W.
238; *Wyman* v. *Colorado National Bank*, 5 Colo, 30;
*People* v. *St. Nicholas Bank*, 60 N. Y. Supp. 719; *Hemp-
hill* v. *Yerkes*, 132 Pa. St. 545; *Twohy* v. *Melbye*, 78 Minn.
357; *Kimmel* v. *Bean*, 75 Pac. 1118.)

The one case which denies this general proposition is that of *Cady* v. *Omaha National Bank*, 46 Neb. 756. The Supreme Court of Kansas expressly refused to follow that case and criticizes it. (*Kimmel* v. *Bean*, 75 Pac. 1118.) We think that it is practically overruled by a later case in Nebraska—*Globe Savings Bank* v. *National Bank of Commerce*, 64 Neb. 413.

If the principal neglects to give a notice until the bank's lien has attached, then a notice comes too late and the bank has a right to apply the money to satisfy its lien. The only notice that is attempted to be proved in this case was given not earlier than the 10th of September, long after the Stoddard Brothers had become indebted to the bank and after they had deposited to their credit the money which is now claimed by the plaintiff. (*School District* v. *First National Bank*, 102 Mass. 174; *People* v. *St. Nicholas Bank, In re Dunn*, 60 N. Y. Supp. 719; *Joyce* v. *Auten*, 179 U. S. 591; *Cockrill* v. *Joyce*, 62 Ark. 216; *Kelly* v. *Phelan*, 5 Dill. 288; 1 Jones on Liens, 241.)

*Robert L. Hubbard*, for Respondent:

Counsel for appellant complains that the plaintiff has mistaken its remedy and under the facts found by the court should have brought a suit in equity instead of an action at law. No such question was presented to the court below, but is here presented for the first time.

The case was tried upon the theory and understanding by defendant's counsel that it was a suit in equity. However, had this question been presented to the district court, it would then have been, as it is now, without merit. (Comp. Laws, 3096; 1 Est. Pl. 179; *National Bank* v. *Gillespie*, 34 L. Ed. 724; *National Bank* v. *Insurance Co.*, 26 L. Ed. 693; *Boyle* v. *Northwestern National Bank of Superior*, 1 L. R. A. 1110.)

Appellant's contention that "there is a total failure of proof to establish the allegation of the complaint in the case, either at law or in equity" is certainly without force. There being a substantial conflict of evidence, and the

evidence of Stoddard in behalf of the plaintiff being corroborated by the circumstances and evidence, coupled with the fact that Stoddard did not give a check to the bank for the balance of the indebtedness of Stoddard Brothers, completely justified the court below in resolving the conflict of evidence in favor of the plaintiff. This the court did, and under the rules of practice in this state the finding will not be disturbed.

A banker's lien attaches only to the funds belonging to the depositor, and not to funds belonging to others than the depositor. (3 Am. & Eng. Ency. Law, 2d ed. 836; *Farmers Bank* v. *Farwell,* 58 Fed. 633; *National Bank* v. *Life Insurance Co.,* 26 L. Ed. 701; 5 Cyc. 550; *Falkland* v. *St. Nicholas Bank,* 84 N. Y. 145; 2 Pom. Eq. Jur. 622; *Swift* v. *Williams,* 11 Atl. 838; *Burnett* v. *National Bank of Corunna,* 38 Mich. 630.)

It must also be remembered that the right of banker's lien was an affirmative defense pleaded by the bank and the burden is upon it to show that the funds belonged to Stoddard Brothers.    (84 N. Y. 145, *supra.*)

Nor does the mere act of charging the deposit account with the whole or part of the depositor's debt to the bank at all affect the right of the beneficial owner to follow the fund as a trust fund.    (*Loeb* v. *Peters,* 35 Am. Rep. 17; *Phœnix Insurance Co.* v. *Church,* 37 Am. Rep. 494.)

In a case like the one before the court the rights of plaintiff to follow the trust funds would still be perfect, even though the bank had no notice whatever, either actual or constructive.    (*Swift* v. *Williams,* 11 Atl. 835; *Burnett* v. *First National Bank of Corunna,* 38 Mich. 630; *Bank* v. *King,* 57 Pa. 202; *National Bank* v. *Life Insurance Co.,* 26 L. Ed. 693; *Foster* v. *Rincker,* 35 Pac. 470; *Boyle* v. *National Bank,* 1 L. R. A. 1110; *American T. & B. Co.* v. *Boone,* 40 L. R. A. 250; *Bank* v. *Hummel,* 23 Pac. 986; *Gerard* v. *McCormick,* 14 L. R. A. 234; *Cragie* v. *Hadley,* 1 N. E. 537.)

The Cook bank is bound with notice of the relations between Stoddard Brothers and McStay Supply Company by and through the conversation between McStay of the

plaintiff corporation and I. J. Gay, assistant cashier of defendant bank, in charge during the absence of the cashier. (*Thompson* v. *Gloucester City Savings Inst.*, 8 Atl. 97; *Van Alen* v. *Bank*, 52 N. Y. 1; *Harrison* v. *Smith*, 83 Mo. 210; *San Diego County* v. *California National Bank*, 52 Fed. 59; *Smith* v. *Combs*, 24 Atl. 9; *McLeod* v. *Evans*, 28 N. W. 173; *Importers and Traders Bank* v. *Peters*, 25 N. E. 319; *Davenport Plow Co.* v. *Lamp*, 45 N. W. 1049; *Cady* v. *South Omaha Nat. Bank*, 46 Neb. 658, 65 N. W. 906.)

By the Court, SWEENEY, C. J.:

The record discloses that plaintiff, respondent herein, is a California corporation; that the defendant banking company is a Nevada corporation; that the defendants Stoddard were copartners doing business in Goldfield in carrying on a warehouse, storage, and transfer or drayage business; that plaintiff sold and shipped merchandise to purchasers in Goldfield; that defendants Stoddard hauled and delivered said goods to said purchasers; that the defendants Stoddard collected for plaintiff from such customers $2,653.62; that the money so collected was the property of the plaintiff, and was collected for the sole purpose of payment and delivery to plaintiff; that the defendants Stoddard without right or authority and wrongfully deposited the money collected in the defendant bank to their own credit on or about September 10, 1907, while the money was the property of the plaintiff; that the money so deposited remained in defendant bank, was in defendant bank when suit was brought, and was the money of the plaintiff; that plaintiff demanded the money of defendant bank; that defendant bank refused to pay over the same; that plaintiff first learned that the bank had its money on September 23, 1907.

Upon this state of facts plaintiff asked to be decreed to be the owner of the $2,653.62 so deposited by the defendants Stoddard in the defendant bank; that the defendant bank be decreed to pay over and deliver said money to plaintiff; for costs and for full relief.

To the complaint in the action defendants Stoddard made no defense. The defendant bank took no exceptions by demurrer or otherwise to the complaint, but filed an answer in which it specifically admitted its own corporate existence; the copartnership of the defendants Stoddard, and that they were engaged in and carrying on a warehouse, storage, and transfer or drayage business; that they had an account with defendant bank in the name of Stoddard Bros.; and, by failure to sufficiently or at all deny all or any of the remaining allegations of the plaintiff's complaint, admitted the whole thereof.

For an affirmative defense defendant bank alleged that it was a banking corporation doing a general banking business; that prior to the bringing of the suit Stoddard Bros. as copartners kept an account in defendant bank; that money was deposited by Stoddard Bros. in said account; that the money so deposited in said account was the property of Stoddard Bros.; that Stoddard Bros. borrowed various sums of money from the bank and gave their note before plaintiff's goods were shipped; that on September 13, Stoddard Bros. failed, owing defendant bank; that at the time of failure they had a balance to their credit of about $3,200; that the defendant bank credited said balance against the indebtedness of Stoddard Bros. to the defendant bank; that said charge of said balance against said indebtedness closed the business between Stoddard Bros. and the bank, so far as the account was concerned; that defendant bank never knew or had any knowledge or notice that any sums of money deposited to the credit of the said Stoddard Bros. were the property of the plaintiff or any one else.

Upon this complaint and answer the cause was tried by the court, without a jury, and the court found as matters of fact and as conclusions of law as follows: That on August 10, 1907, plaintiff sold to purchasers at Goldfield, merchandise of the value of $2,653.62; that Carl and Lytton Stoddard were copartners as Stoddard Bros.; that they were doing a general transfer

or drayage business in Goldfield; that Stoddard Bros. hauled all of said goods and merchandise from the railway freight depot in Goldfield and delivered said merchandise to said purchasers; that Stoddard Bros. collected from the purchasers the value of said goods aggregating $2,653.62; that Stoddard Bros. wrongfully deposited said money in defendant bank to their own credit; that the money so deposited was the property of the plaintiff; that the $2,653.62 so deposited remained in said bank from the time of deposit to the date of trial, and that the plaintiff is still the owner; that plaintiff demanded the said moneys of the defendant bank; that defendant bank refused to pay or deliver said money to plaintiff; that on September 13 defendant bank credited Stoddard Bros. upon their indebtedness to the bank with the amount of their balance; that Stoddard Bros. never authorized or consented to such application of the moneys to the payment and discharge of their debt to the bank; that prior to such application of said moneys to said indebtedness, the defendant bank had actual knowledge and notice that plaintiff was the owner of $2,653.62 of the balance in the account of Stoddard Bros.; that Stoddard Bros. claimed no right or title in or to any of said moneys; that previous to shipping the goods, and previous to the delivery thereof and the collection of the value thereof, and previous to the deposit of said moneys in said bank, C. E. McStay, an officer of the plaintiff, had a conversation with I. J. Gay, assistant cashier of the defendant bank, in charge of the bank, at the place of business of defendant bank; that said McStay made inquiry of said bank, through its said assistant cashier, as to the general standing and trustworthiness of said Stoddard Bros.; that said Gay told said McStay that the business relations of said Stoddard Bros. with said bank were satisfactory; that at that time Stoddard Bros. owed the bank $12,000; that between the date of said conversation and the closing of Stoddard Bros.' account said indebtedness had

been reduced, and no additional credit had been extended to Stoddard Bros. by said bank; that, by taking plaintiff's money to pay the debt of Stoddard Bros., defendant bank would gain and plaintiff would lose; that the allegations of plaintiff's complaint are true; that the relation existing between plaintiff and Stoddard Bros. was that of principal and agent; that it was the duty of Stoddard Bros. to remit the said money to the plaintiff, but that in violation of plaintiff's rights Stoddard Bros. wrongfully deposited said money in said bank in their own name; that the deposit was wrongful; that the depositor had no right or title in or to the money; that the bank acquired no right or title therein or thereto; that the same was a trust fund, and so remained in the hands of the bank; that the plaintiff was the beneficial owner; that the bank had no right to appropriate the same to the debt of Stoddard Bros.; that the bank had notice of the beneficial ownership of plaintiff; that plaintiff is entitled to the money, and was entitled to the same on September 13, 1907; that the attempt of the bank to pay Stoddard Bros.' debt to it with plaintiff's money was wrongful and without right, title, or authority; that Stoddard Bros. never authorized the bank's action; that plaintiff in no manner ever consented thereto; that to permit the bank to retain said money would result in benefiting the bank and injuring the plaintiff by the wrongful act of the agent and the unauthorized seizure by the bank; that to require the bank to restore the property of plaintiff to it will not deprive the bank of anything belonging to it, and plaintiff will receive only that which it is entitled to; that plaintiff is entitled to interest from September 25, 1907, in addition to the original and principal trust fund of $2,653.62.

In rendering its decision the lower court made use of the following language: "To this complaint an answer was filed, which is insufficient to raise an issue on any of the allegations of the complaint, except that it denies that the defendant bank had, at any time, any moneys

belonging to the plaintiff which it failed to deliver upon demand. To many allegations of the complaint no denials are made; to others a general denial is interposed, which amounts to nothing." Because of the use of that language counsel for defendant bank asked leave of the court to file an amended answer for the sole purpose of making their denials sufficient in form to raise the issues, and leave was granted for such purpose. Pursuant to such permission defendant bank filed an amended answer, and the same was considered by the court on motion for a new trial, and it is proper to say that the case was tried on the answer, and denials assumed to be sufficient. All this with respect to the amended answer was permitted by the court notwithstanding the fact that in the opening of the trial counsel for plaintiff called the attention of the court and counsel for the defendant bank to the form of the denials and their insufficiency, and counsel for the bank thereafter proceeded to trial without amendment, insisting that the denials were sufficient.

It is asserted by appellant that the trial court erred for the three following reasons:

"First—The plaintiff has mistaken its remedy, and under the facts found by the court should have brought a suit in equity instead of an action at law.

"Second—There is a total failure of proof to establish the allegations of the complaint in the case, either at law or in equity.

"Third—Even though the plaintiff had filed a proper bill in equity and had proved the facts set forth in the · opinion of the court and in the findings of fact, then, under the law, the plaintiff would not be entitled to recover either at law or in equity."          ·

Our civil practice act provides: "There shall be in this state but one form of civil action for the enforcement or protection of private rights, and for the redress or prevention of private wrongs." (Rev. Laws, 4943.)

"The pleader is required to state the facts which constitute his cause of action; and whatever relief those facts, being established, may entitle him to, he will

obtain, whether legal or equitable, or both, or whether they would have made a case in assumpsit, debt, case or other form of common-law action." (Est. Pl. vol. 1, sec. 179.)

[1] The record discloses that the question of a mistaken remedy is raised here for the first time and was not asserted in the lower court, and that the case was tried upon the theory and understanding of both parties that it was a suit in equity. Under this state of circumstances appellant is now in no position to successfully complain at this stage of the proceedings.

[2] An examination of the complaint, however, will disclose, we believe, that the action was of an equitable nature. Among other things the complaint alleges: "The relation between plaintiff and Stoddard Bros. was that of principal and agent; that the agent collected certain moneys belonging to the principal with no other rights therein or power thereover than to remit the same to the principal; that the agent wrongfully and without right or authority deposited the principal's money in the defendant bank to his own account; that the money so wrongfully deposited remained in defendant bank up to the time of suit; that the principal, plaintiff here, demanded its money of defendant bank; that defendant bank refused to pay it over. And prays that it might be decreed to be the owner of the moneys and that the defendant bank be decreed and ordered to pay it over."

In the case of *National Bank* v. *Gillespie*, 137 U. S. 411, 11 Sup. Ct. 118, 34 L. Ed. 724, the court said: "Two questions are presented, one of right, the other of jurisdiction. Ought the bank to be compelled to pay the Gillespies such sum of money? And had a court of equity jurisdiction to entertain and render a decree in this suit? In respect to the first question, it may be premised that the Gillespies were the owners of certain cattle, which were consigned to the firm of Rappal Sons & Co. for sale; that the proceeds of the sales made by the Rappals were deposited in the bank; and it is for this money that the suit was brought. This general statement compels the

equitable conclusion that, as the Gillespies owned the cattle, they ought to have the moneys received from their sale.   The right of an owner of property is not limited to the property itself, but extends to everything which is its direct product or proceeds.   *   *   *   As the claim of the Gillespies against the bank was equitable purely, equity alone had jurisdiction.   We conclude, therefore, that the proper forum was sought."

In *National Bank* v. *Insurance Company*, 104 U. S. 54, 26 L. Ed. 693, the following language is used: "Although the relation between a bank and its depositor is that merely of debtor and creditor, if the money deposited belongs to a third person and was held by the depositor in a fiduciary capacity, its character is not changed by being placed to its credit in his bank account."

See, also, *Boyle* v. *Northwestern National Bank of Superior*, 125 Wis. 498, 103 N. W. 1123, 104 N. W. 917, 1 L. R. A. (N. S.) 1110, 110 Am. St. Rep. 844.

[3] We believe an examination of the authorities will disclose that one may sue in equity or treat the fund as converted and secure damages in law against the bank, if, as a matter of fact, the transaction amounted to a conversion; but where it is properly pleaded and proven that the money belonged to the plaintiff and never was the property of the debtor depositor, and the bank was so aware before any application of the deposit, any attempt of the bank thereafter to apply said fund to the debt of the depositor under such circumstances is futile, and the bank cannot avoid accounting to the legal owner thereof for the misapplication of the fund.   In the present case the money belonged to the plaintiff and was never the property of the debtor depositor, and the attempt of the bank to apply the fund to the debt of the depositor amounted to nothing and left the account just as it was before such attempt. (3 Am. & Eng. Ency. Law, 2d ed. 836; *Farmers Bank* v. *Farwell*, 58 Fed. 633, 7 C. C. A. 391.)

[4] An examination of the pleadings and transcript, after due consideration, convinces us that there is such a substantial conflict in the evidence that we would not be

justified in disturbing the findings of fact as made by the lower court, as we believe that the allegations of the complaint were sufficiently established to sustain the judgment. (*Botsford* v. *Van Riper*, 33 Nev. 156.)

An examination of the authorities will disclose that as a matter of law the following principles affecting the relations of a bank and its depositors as may be involved in this case are established by an overwhelming weight of authority:

[5] First—The relation between a bank and its depositors is that of debtor and creditor. There can be no doubt of this proposition. Money deposited in a bank becomes part of its general assets, and the bank simply becomes a debtor of the depositor. The absolute title to the money by the mere act of deposit passes to the bank. (5 Cyc. 607; 3 Am. & Eng. Ency. Law, 827; *Bank of Marysville* v. *Brewing Co.*, 50 Ohio St. 151, 33 N. E. 1054, 40 Am. St. Rep. 660.)

[6] Second—The bank has a lien upon all the funds belonging to depositors deposited for any indebtedness owing to it by the depositors. (2 Bolles, Modern Law of Banking, 740; 3 Am. & Eng. Ency. Law, 828; 1 Morse, Banks and Banking, 324; *National Bank* v. *Insurance Co.*, 104 U. S. 54, 26 L. Ed. 693.)

[7] Third—If a principal permits his agent to deposit money in the bank without any notice to the bank that the money belongs to the principal, and the agent checks out the money or subjects it to a lien, on account of any borrowing of money, then the principal and not the bank is the loser. (*Thomson* v. *Clyesdale Bank, Limited*, Appeal Cases 1893, 282; *Bank of New South Wales* v. *Goldburn*, 87 Law Times Rep. 88; *Holly* v. *Domestic Missionary Society*, 180 U. S. 284, 21 Sup. Ct. 395, 45 L. Ed. 531; *National Bank* v. *Insurance Co.*, 104 U. S. 54, 26 L. Ed. 693; *Bank of Metropolis* v. *New England Bank*, 1 How. 234, 11 L. Ed. 115; *Sweeney* v. *Easter*, 1 Wall. 166, 17 L. Ed. 681; *School District in Greenfield* v. *First National Bank*, 102 Mass. 174; *Wood* v. *Boylston National Bank*, 129 Mass. 358, 37 Am. Rep. 366; *Globe Savings*

*Bank* v. *National Bank of Commerce,* 64 Neb. 413, 89 N. W. 1030; *Justh* v. *National Bank of Commerce,* 56 N. Y. 478; *Goshen Bank* v. *State,* 141 N. Y. 379, 36 N. E. 316; *Hatch* v. *National Bank,* 147 N. Y. 185, 41 N. E. 403; *Sparrow* v. *State Exchange Bank,* 103 Mo. App. 338, 77 S. W. 168; *Smith* v. *Crawford County Bank,* 99 Iowa, 282, 61 N. W. 378, 68 N. W. 690; *Munnerlyn* v. *Augusta,* 88 Ga. 333, 14 S. E. 554, 30 Am. St. Rep. 159; *First National Bank* v. *Valley State Bank,* 60 Kan. 621, 57 Pac. 510; *Kimmel* v. *Bean,* 68 Kan. 598, 75 Pac. 1118, 64 L. R. A. 785, 104 Am. St. Rep. 415; *Smith* v. *Des Moines National Bank,* 107 Iowa, 620, 78 N. W. 238; *Wyman* v. *Colorado National Bank,* 5 Colo. 30, 40 Am. Rep. 133; *People* v. *St. Nicholas Bank,* 44 App. Div. 313, 60 N. Y. Supp. 719; *Hemphill* v. *Yerkes,* 132 Pa. 545, 19 Atl. 342, 19 Am. St. Rep. 607; *Twohy* v. *Melbye,* 78 Minn. 357, 81 N. W. 20.)

[8] Fourth—If the principal neglects to give a notice until the bank's lien has attached, then a notice comes too late, and the bank has a right to apply the money to satisfy its lien. (*School District* v. *First National Bank,* 102 Mass. 174; *People* v. *St. Nicholas Bank, In re Dunn, et al.,* 44 App. Div. 313, 60 N. Y. Supp. 713, 723; *Joyce* v. *Auten,* 179 U. S. 591, 21 Sup. Ct. 227, 45 L. Ed. 332; *Cockrill* v. *Joyce,* 62 Ark. 216, 35 S. W. 221; *Kelly* v. *Phelan,* 5 Dill. 228, Fed. Cas. No. 7,673; Jones on Liens, vol. 1, 241.)

[9] But where, as in the present case, trust funds or securities belonging to others are deposited by a depositor with a bank, and the bank has knowledge of the fact that these funds do not belong to the depositor and that he is merely acting as a collector or agent of another, the bank has no right whatever to apply said funds or securities to any indebtedness of the depositor, nor can the bank acquire any lien upon such funds or securities so deposited by a depositor who may be indebted to the bank.

The Supreme Court of the United States, in *Union Stock Yards National Bank* v. *Gillespie,* 137 U. S. 411,

11 Sup. Ct. 118, 34 L. Ed. 724, speaking through Brewer, J., in passing on a case with principles involved almost identical with the same at issue in the present case, rightly expressed the law bearing upon these issues when in effect it said: "A bank which knows that a person having an account with it is a factor or agent to sell for others on commission, and is not a buyer or seller for himself, and that he is failing in business cannot take the money proceeds of sales by the factor deposited with the bank and apply it to the payment of the individual debt of the factor. One who takes from a factor, in payment of his debt, moneys which he knows equitably belong to the factor's consignor and principal must account to the principal for such moneys. Where the title to moneys deposited in a bank is equitable rather than legal, the owner of the equitable title may maintain a suit in equity against the bank to enforce his equitable right to the moneys; his remedy is not at law." (*National Bank* v. *Life Insurance Co.,* 104 U. S. 54, 26 L. Ed. 701; 5 Cyc. 550, 551, 552; *Falkland* v. *St. Nicholas Bank,* 84 N. Y. 145; *Swift* v. *Williams,* 68 Md. 236, 11 Atl. 835; Digest of National Bank Decisions, p. 196, sec. 1; *Loeb* v. *Peters,* 63 Ala. 243, 35 Am. Rep. 17; *Phœnix Insurance Co.* v. *Church,* 81 N. Y. 218, 37 Am. Rep. 494; *Potts* v. *Mayer,* 74 N. Y. 594; *Burnett* v. *First National Bank of Corunna,* 38 Mich. 630; *Foster* v. *Rincker,* 4 Wyo. 484, 35 Pac. 470; *Boyle* v. *National Bank,* 125 Wis. 498, 103 N. W. 1123, 104 N. W. 917, 1 L. R. A., N. S., 1110, 110 Am. St. Rep. 844; *American T. & B. Co.* v. *Boone,* 102 Ga. 202, 29 S. E. 182, 40 L. R. A. 250, 66 Am. St. Rep. 167; *Myers* v. *Board of Education,* 51 Kan. 87, 32 Pac. 658, 37 Am. St. Rep. 263; *Bank* v. *Hummel,* 14 Colo. 259, 23 Pac. 986, 8 L. R. A. 788, 20 Am. St. Rep. 257; *Bank* v. *Walker,* 130 U. S. 267, 9 Sup. Ct. 519, 32 L. Ed. 959; *Gerard* v. *McCormick,* 130 N. Y. 261, 29 N. E. 115, 14 L. R. A. 234; *Van Alen* v. *Bank,* 52 N. Y. 1; *Harrison* v. *Smith,* 83 Mo. 210, 53 Am. Rep. 571; *San Diego County* v. *California National Bank,* 52 Fed. 59; *Smith* v. *Combs,* 49 N. J. Eq. 420, 24

Atl. 9; *Importers' and Traders' Bank* v. *Peters*, 123 N. Y. 272, 25 N. E. 319; *Davenport Plow Co.* v. *Lamp*, 80 Iowa, 722, 45 N. W. 1049, 20 Am. St. Rep. 442; *Cady* v. *South Omaha Nat. Bank*, 46 Neb. 756, 65 N. W. 906.)

After a careful review of the evidence and the law applicable thereto, we are of the opinion that the record discloses no substantial prejudicial error to have been committed; the judgment is affirmed.

It is so ordered.