## CROSBY v. BANK OF NIAGARA.

(Supreme Court, Special Term, Erie County. August, 1915.)

1. BANKS AND BANKING ⊚⟹136—DEPOSITS—LIEN.

A bank has a lien upon the moneys of a depositor in its possession to the extent of the amount on all its matured claims against the depositor, and may make application of payment upon the depositor's matured note and charge the account of the depositor therewith.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 353–374; Dec. Dig ⊚⟹136.]

2. BILLS AND NOTES ⊚⟹129—DEMAND NOTE—MATURITY.

A note payable on demand was due forthwith.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 283–292; Dec. Dig. ⊚⟹129.]

Action by William H. Crosby, as receiver of the Niagara Chocolate Company, against the Bank of Niagara. On demurrer to answer in action to recover money. Overruled.

John A. Van Arsdale, of Buffalo, for plaintiff.
Cary & Wallace, of Niagara Falls, for defendant.

BROWN, J. The complaint alleges that the plaintiff was on March 18, 1915, duly appointed receiver of the Niagara Chocolate Company, at which time the Chocolate Company had on deposit with the defendant the sum of $2,348.18; and that the plaintiff on April 27, 1915, duly demanded said moneys, and defendant refused to pay the same, and demands judgment for such sum. The answer alleges that ever since September, 1914, the defendant was the owner and holder of a promissory note for $10,000, made by the Chocolate Company, payable to the defendant on demand; that on March 19, 1915, there was due and unpaid thereon $9,500 and interest; that on March 19, 1915, defendant applied the moneys on deposit to the credit of the Chocolate Company the sum of $2,348.18 upon the said demand note, and charged the same to the account of the Chocolate Company, and demands judgment dismissing plaintiff's complaint. To this answer plaintiff demurs, upon the ground that it does not state facts sufficient to constitute a defense.

[1, 2] It is elementary that a bank has a lien upon the moneys of the depositor in its possession to the extent of the amount of all matured claims it holds against the depositor. Meyers v. N. Y. Co. Nat. Bank, 36 App. Div. 482, 55 N. Y. Supp. 504; Jordan v. Nat. Shoe & Leather Bank, 74 N. Y. 467, 30 Am. Rep. 319; People v. St. Nicholas Bank, 44 App. Div. 313, 60 N. Y. Supp. 719; Nat. Bank v. Insurance Co., 104 U. S. 54, 26 L. Ed. 693. The promissory note of the Chocolate Company, dated September, 1914, payable on demand, was due forthwith. It certainly was due March 18, 1915, the date the plaintiff was appointed receiver of the Chocolate Company. Wheeler v. Warner, 47 N. Y. 519, 7 Am. Rep. 478; De Lavallette v. Wendt, 75 N. Y. 579, 31 Am. Rep. 494; McMullen v. Rafferty, 89 N. Y. 457; People v. Nicholas Bank, 44 App. Div. 313, 60 N. Y. Supp. 719; Hyman v. Doyle,

53 Misc. Rep. 597, 103 N. Y. Supp. 778; First Nat. Bank v. Story, 200 N. Y. 346, 93 N. E. 940, 34 L. R. A. (N. S.) 154, 21 Ann. Cas. 542. The promissory note held by the defendant, made by the Chocolate Company, was a matured claim on March 18, 1915, and the defendant had a lien upon the amount of the deposit for the payment of the promissory note. Having such a lien, it was entitled to make the application of payment upon the note and charge the account of the Chocolate Company with the same on March 19, 1915, after plaintiff's appointment. Smith v. Eighth Ward Bank, 31 App. Div. 6, 52 N. Y. Supp. 290.

The allegations of the answer, if true, constitute a perfect defense to plaintiff's cause of action, and the plaintiff's demurrer thereto must be overruled, with costs.